Hastings *v.* Johnson.

B. F. HASTINGS, Appellant, *v.* J. NEELY JOHNSON, Respondent.

The execution must be authorized by the judgment, and must follow it in every essential particular, not only as to material matters of form, but also as to the amount for which it is rendered.

If the execution is issued for an amount materially in excess of the judgment, a levy and sale made to satisfy such excess is nugatory and will be set aside upon the application of any person interested, or whose rights have been prejudiced thereby.

When but one sale of property is made under such an execution and an amount materially exceeding the judgment is realized, the entire proceedings under it are nugatory. But when several levies and sales are made for separate sums, only such sales or levies will be considered void as are made to satisfy the amount in excess of the judgment.

When the discrepancy between the judgment and the execution is a mere trifle, levy and sale will not be disturbed, but when it is material it cannot be overlooked.

Only the original claim or demand draws interest after judgment. When, therefore, an execution is issued directing the collection of interest on the interest included in the judgment, and a sale of property is made to satisfy such excess of interest, the sale is nugatory, even against a *bona fide* purchaser.

The execution must follow the judgment. So, if the judgment does not award interest, none can be collected. (Per Beatty.)

The Clerk cannot go behind the judgment to see whether a part or the whole of the judgment is to bear interest, nor to see what rate of interest, if any, it is to bear. (Per Beatty.)

APPEAL from the District Court of the Second Judicial District, State of Nevada, Hon. S. H. WRIGHT presiding.

In this case there were three several judgments against the defendants rendered at different periods, on three several

notes. When the judgments were entered up they included the amount of principal and interest to date of judgment on each note sued on. Two of the judgments did not, however, in terms, provide for any future interest.

Executions were issued on all three of these judgments, and the Clerk in issuing on those judgments, which did not call for interest, issued the execution calling for interest on the whole amount of the judgment from the day it was rendered. A sale was made of a quartz mill and tract of land under the three executions. The entire amount of the three executions was bid for the property. After the sale the defendant moved the Court below to quash the sale and executions, on various grounds. Among other grounds was one that the executions did not follow the judgments. The motion was sustained, and the plaintiff appealed to this Court.

*Thos. H. Williams* and *Atwater & Flandrau* for Appellant.

*Clayton & Clark*, for Respondent.

Separate opinion by each of the Judges.

Opinion by LEWIS, C. J.

The proposition we think well settled that the execution must be authorized by the judgment and must follow it in every essential particular, not only as to material matters of form, but also as to the amount for which is rendered.

If the writ is issued for an amount materially in excess of the judgment, a levy and sale made to satisfy such excess is nugatory and will be set aside upon the application of any person interested, or whose rights have been prejudiced thereby.

When but one sale of property is made under such an execution, and an amount materially exceeding the judgment is realized, the entire proceedings under the writ are nugatory.

When several levies and sales are made for separate sums, only such sales or levies would be considered void as are made to satisfy the amount in excess of the judgment; for, though the execution direct the collection of a sum exceeding that

authorized by the judgment, sales made under it to the amount actually due upon it will be valid, and only such proceedings as are subsequently taken will be nugatory. In such cases the error may be corrected without setting aside or declaring nugatory the entire proceedings under the execution. If, however, but one sale is made to satisfy the sum actually due and the excess, the error can only be remedied by setting aside and declaring void the entire proceedings under the execution. Such seems to be the rule established by the authorities. (*Knight* v. *Applegate's Heirs*, 3 Monroe, 336; *Peck* v. *Tiffany*, 2 Comstock, 458.) In the first of these cases an execution was levied for about forty-two dollars more than the judgment authorized, and the Court for that reason held that the sale bond could not be sustained. Judge Owsley, who delivered the opinion of the Court, after holding that the execution was not void, proceeded to say: "But it does not follow that the sale bond should be sustained. To uphold a sale of land made under execution by an officer, it is not enough that the execution purports upon its face to be regular and appears to have emanated from competent authority; there must also be a judgment to which the sale money is to be applied. The reason is obvious. Lands are made subject to sale under writs of *fieri facias* by statutory enactment, and it is only in satisfaction of judgments that the statute has authorized the sale, there must of course be a judgment to which the proceeds of the sale may be applied to make the sale a valid one. It would, therefore, judging from the facts proved on the trial of the motion, seem to follow that the sale bond cannot be sustained, for the land appears to have been sold and the bond taken for a sum equal to that mentioned in the execution which issued in favor of *Knight* against the *Estate of Applegate,* and as the judgment in favor of Knight is in fact far less than the execution, there is no judgment to which the excess contained in the execution and included in the bond can be applied." That an execution issued and sale of property made, where there is no judgment authorizing it, would be utterly void, there can be no doubt, and for the same reason we think an execution and sale for a sum exceeding that actually due upon the judgment would be equally

void, because there is no judgment to authorize the collection of the excess for which execution is issued. When the discrepancy between the judgment and the execution is a mere trifle, levy and sale will not be disturbed, because it is said *Lex non Curat de minimis;* but when the discrepancy is material, it cannot be overlooked or disregarded by the Courts.

The first judgment in these cases was entered on the 28th day of June, A. D. 1864, for the sum of eight thousand five hundred and forty-five dollars and seventy-six cents, which included the sum of nine hundred and forty-five dollars and seventy-six cents interest. Upon this judgment an execution was issued directing the Sheriff to collect that sum with interest thereon at the rate of ten per cent. per annum from the time of its rendition. The sale of the defendants' mill under it occurred on the first day of March, A. D. 1865, about eight months after the entry of judgment.

By this means interest for the period of about eight months was collected on the nine hundred and forty-five dollars and seventy-six cents interest included in the judgment, which amounted to the sum of sixty-one dollars and sixty-eight cents. The same error occurred in the execution issued in one of the judgments rendered on the 27th day of December, A. D. 1864, by which about seventeen dollars more than was authorized by the judgment was collected, making on the two executions about seventy-eight dollars more than was actually due on the judgments. Section 5, page 100, of the Statutes of 1861, expressly declares that only the original claim or demand shall draw interest after judgment. These executions direct the Sheriff to collect interest on interest, and the sale was made for an amount sufficient to satisfy the execution, and was therefore void. The sale was made as much to satisfy the seventy-eight dollars for which execution illegally issued as for that which was actually due. Had there been only sufficient property levied on and sold to discharge the amount legally due on the judgment the sale would doubtless be sustained, and only subsequent levies and sales made to satisfy the excess would be nugatory. But here the seventy-eight dollars for which execution was improperly issued is inseparable from the

balance, for both enter into the same sales, or rather one sale was made to satisfy the legal and illegal demand.

The protection which the law extends to *bona fide* purchasers at judicial sales will not avail the purchaser in this case, for we consider the sale not merely voidable but absolutely void, and in such cases the sale will be set aside, even though the rights of *bona fide* purchasers have intervened.

Many other points are made by respondent to sustain the order of the Court below, none of which, however, we think tenable, nor necessary to be passed upon at this time.

The order of the Court below must be affirmed.

Opinion by BROSNAN, J.

The judgment of affirmance is correct. In my opinion, however, an execution calling for payment of interest upon the aggregate amount of a judgment is not authorized, where (as in this case) the judgment of the Court is silent as regards the collection of interest. The judgment record should itself declare what the law allows.

Opinion by BEATTY, J.

I fully concur in the judgment, and also in the views expressed by the Chief Justice, in this case, with one exception. He thinks the sale was for some seventy-eight dollars more than was actually due on the judgment rendered. My opinion is that the sale was for some six hundred and seventy-five dollars in excess of the judgments.

These judgments were rendered on notes, and the judgments as entered of record called for so many dollars, without saying anything about interest. When the Clerk issued the executions he directed the Sheriff to make out of the defendant's property the amount of the judgments and interest thereon, at the rate of ten per cent. per annum, from the day the judgments were rendered until paid. This upon the two executions would amount to about six hundred and seventy-five dollars. Our statute in regard to interest contains the following clauses: "When there is no express contract in writing,

fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum for all moneys, after they become due, on any bond, bill or promissory note, or other instrument of writing, on any judgment recovered before any Court in this Territory, for money lent, for money due on the settlement of accounts from the day on which the balance is ascertained, and for money received to the use of another."

"Parties may agree in writing for the payment of any rate of interest whatever on money due, or to become due, on any contract. Any judgment rendered on such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment; *provided* only the amount of the original claim or demand shall draw interest after judgment."

The Chief Justice thinks that under the provisions of section 4, when a judgment omits to say anything about interest, the Clerk may, as a matter of course, without the order of Court, issue execution for the amount of the principal sum named and legal interest, for the reason the statute itself provides that the judgment shall bear ten per cent. interest, when there is no writing to show it must draw a different interest, and the only error in the execution in this case is in giving compound interest, or interest upon interest, which is expressly prohibited in section 5. My opinion is, the execution must follow the judgment, and if the judgment does not call for interest, the execution cannot.

If the Clerk can issue execution for interest not mentioned in the judgment, then he must go behind the judgment to see what the rate shall be.

First, he must go behind the judgment to see that he does not issue his execution for compound interest, for that is expressly prohibited by statute.

Then he must go behind the judgment to see what was the rate of interest agreed on in the original contract, out of which the judgment arose, for that rate of interest may have been more or less than ten per cent. per annum.

Suppose the judgment was on a note bearing interest at five per cent. per annum, the creditors would not be entitled to ten per cent. per annum. If, on the other hand, the note was

for five per cent. per month, he would, if entitled to any interest, be entitled to more than ten per cent. per annum. Besides, it is sometimes a contested point as to what was the rate of interest agreed on.

I remember to have seen one case tried in California where the whole contest was, whether the note was to bear interest at ten per cent. per month or ten per cent. per annum. Had the Court failed to enter judgment for any interest, could the Clerk have determined what rate of interest the execution should bear?

In my opinion, the execution must follow the judgment. The Clerk cannot go behind the judgment to see whether a part or the whole of the judgment is to bear interest, nor to see what rate of interest it is to bear.