## PLANT v. ANDERSON.*

(*Circuit Court, N. D. Alabama.* 1883.)

1. EXECUTION—SHERIFF.

An execution delivered to the sheriff of one county, and by him acted under, is invalid in the hands of the sheriff of any other county. It is the imperative duty of the first sheriff to return it into court, and it ceases to have force or effect.

2. SHERIFF'S DEED.

A sheriff's deed cannot be impeached collaterally.

PARDEE, J. In this case the jury was waived and the cause was tried by the court. The plaintiff claims under a sheriff's deed reciting two judgments, two executions, a levy, and a sale to plaintiff's vendor, and a conveyance from the grantee in the sheriff's deed to plaintiff. The only question raised is as to the life and validity at the time of the sale of one of the executions, by reason of its first having been delivered to the sheriff of Franklin county, who represents he levied on property in Colbert county, and then the execution was not returned to the court, but was handed over to the sheriff of Colbert county, who proceeded to sell the property. That the sheriff of Colbert county made another levy before selling is recited in his deed, but not returned on the execution. The authorities cited in 7 and 9 Ala. go far towards holding that an execution delivered to the sheriff of one county and by him acted under, is invalid in the hands of the sheriff of any other county.

It is the imperative duty of the first sheriff to return it into court, and it ceases to have force and effect. On the other hand, it is clear that a sheriff's deed cannot be impeached collaterally. None of these matters do I find it necessary to pass upon.

The other judgment, execution, levy, and sale appear to be unimpeached, and are sufficient to make out plaintiff's title, which is anterior to, and better than, defendant's title.

The suit was commenced February 12, 1879; the rents due, therefore, commence from twelfth February, 1878. The evidence shows the rents to be worth from $7.50 to $8 per month, or $90 to $96 per year.

Let a judgment be entered for the plaintiff for the property, and for rents at $90 per year from February 12, 1878.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.