## KNIGHT vs. MORRISON.

1. Where the sheriff and his wife were the usees in a judgment, he could not levy the execution founded thereon, sell the property levied on and make a valid sheriff's deed to the purchaser. Where, in a subsequent claim case, such a sheriff's deed was relied on, and together with the execution, was offered in evidence as conveying a valid title, they were not admissible and should have been rejected on objection.

2. Where a suit was brought by one as a trustee against another person and himself individually, as security, upon a note given to himself as trustee, and after judgment was rendered and execution issued thereon, he paid it off, it was thereby extinguished and became *functus officio*, and a sale under it by the sheriff conveyed no title; especially where the sheriff, who made the sale was the beneficiary in the execution. It was, therefore, error to refuse to charge, without qualification, that if the *fi. fa.* showed on its face that it was in favor of the sheriff and his wife as beneficiaries, such sheriff could not have sold under that *fi. fa.* and conveyed a valid title; and such a charge should not have been qualified by adding: " That is the law, unless the claimant has made it appear to you by proof that the interest of Byrd (the sheriff) was gone at the time of the levy and sale."

March 29, 1887.

Levy and Sale. Sheriffs. Executions. Evidence. Principal and Surety. Title. Before Judge CARSWELL. Burke Superior Court. November Term, 1886.

To the report contained in the decision the following is added : The claimant's title rested on a sheriff's sale made under a *fi. fa.* in favor of Rozier, trustee for Byrd and wife, against Morrison and Rozier, security. This *fi. fa.* was levied by Byrd, the sheriff, who was one of the beneficiaries mentioned in the *fi. fa.*, and the land was sold at public outcry, and bid in by Walker, the sheriff's deed being

made to Mrs. Morrison.   When this execution and the deed
based upon it were offered in evidence, the plaintiff in *fi. fa.*
objected to them on the ground that the *fi. fa.* showed on its
face that the sheriff and his wife were beneficially inter-
ested therein.   There was some testimony tending to show
that Rozier, as trustee, sold property which Morrison
bought and gave his note therefor, with Rozier individ-
ually as security; that after the debt had been reduced to
execution, but before levy, Rozier paid off the execution;
and that it was proceeding for his benefit and not for that
of Byrd.

The jury found the property not subject to the *fi. fa.*
now levied on it.   The plaintiff moved for a new trial,
which was refused, and she excepted.

JAS. S. HOOK; R. O. LOVETT, for plaintiff in error.

TWIGGS & VERDERY, for defendant.

BLANDFORD, Justice.

Mrs. Knight obtained a judgment in the superior court
of Richmond county against Robert J. Morrison for
$4,785.70, and caused an execution issued upon the same
to be levied on eleven hundred acres of land in the county
of Burke, known as the "Forth place."   When this levy
was made, a claim was interposed by Mrs. Lucy V. Morri-
son, the wife of the defendant in execution, Robert J.
Morrison.   Upon the trial of the claim case, Mrs. Knight
showed possession in Morrison after she obtained her judg-
ment.   Mrs. Morrison relied upon a sheriff's deed made by
one Byrd, under a writ of execution founded upon a judg-
ment obtained in Burke superior court in favor of one
Rozier against Robert J. Morrison and Rozier himself as
security for Morrison, for the sum of $57.   This execution
had been levied by Byrd, the sheriff of Burke county
(who with his wife were the usees in the judgment ob-
tained by Rozier against Morrison and himself), upon

eleven hundred acres of land known as the " Forth place," the same land levied upon by the execution in favor of Mrs. Knight. The property was sold by Byrd, as sheriff, and brought the sum of $550 or thereabouts, and was bid off by a man named Walker; and Byrd, as sheriff, executed a deed to Mrs. Lucy V. Morrison, the claimant in this case. It was shown that Morrison was present at the time of the sale. It was further shown by the evidence that the land levied upon consisted of several tracts or parcels, and that the same was worth from four to six thousand dollars. When this execution for $57, and the deed made to Mrs. Morrison by Byrd, were tendered in evidence, the plaintiff in execution, Mrs. Knight, by her counsel, objected to the same, upon the ground that the same were void (1) because Byrd, being a usee in the execution for $57, could not as sheriff levy; and (2) because the levy was grossly excessive. The court overruled the objection; and this is excepted to and is one of the main grounds of error alleged.

1. We are of the opinion that Byrd could not, under the circumstances of this case, have levied that execution; consequently he could not have sold the property and made a valid sheriff's deed to Mrs. Morrison; and the court erred in admitting in evidence the execution and the deed from Byrd, as sheriff, to Mrs. Morrison, she claiming as a purchaser under that sheriff's deed. It was not stated to the court by counsel for the claimant that they merely relied upon this sale and deed as showing a voluntary conveyance from Morrison to his wife, the claimant; but as it appears from this record, it was relied on by the claimant as a valid sale by the sheriff, and a valid deed executed by him to her. We do not think that it was; and for this reason we think the court erred in not sustaining the objection of counsel for the plaintiff in execution to the introduction of this evidence.

2. The next exception is that the court erred, after allowing the *fi. fa.* and the deed of Byrd to Mrs. Morrison to

go to the jury, in refusing to give without qualification, a request in writing by the counsel for the plaintiff in *fi. fa.* to this effect: "If you find that the execution which sold the Forth place showed on its face that it was in favor of Byrd, the sheriff, and his wife, as beneficiaries, he could not have sold under that *fi. fa.* and conveyed valid title to Mrs. Morrison." He qualified by saying "That is the law, unless the claimant has made it appear to you by proof, that the interest of Byrd was gone at the time of the levy and sale."

We do not think the court should have qualified that request in the way he did. This execution in favor of Rozier has been paid off by Rozier himself, the plaintiff. He was both plaintiff and defendant. It was a very curious proceeding, and an anomaly to me, that a man should sue himself, being plaintiff as trustee and defendant as security, upon a note given to himself as trustee. If he paid off the execution—he paid it off without more,—it was *functus officio;* it was invalid; it had served its purpose and was dead ; and a sale under it conveyed no title by the sheriff, and particularly by this sheriff who was the beneficiary in that identical execution. So we think the court ought to have given the instructions prayed for without any qualification whatever.

For these reasons we reverse the judgment of the court below in refusing a new trial. A new trial should have been granted.

Judgment reversed.