## MORRISON vs. KNIGHT.

1. The former decision of this court in this case, that the sheriff, who sold the land in question to claimant under an execution in favor of a trustee for said sheriff and wife, could not have levied the execution, and that his sale to claimant was illegal and the deed he made to her illegal also, binds the parties to the case.

2. There was no error in ruling out the deed referred to above. It would not have been proper to allow claimant to show by parol that at the time of the levy and sale, the sheriff and his wife had been divorced and said wife was the only usee in the judgment. The records of the courts cannot be changed by parol testimony in cases of this sort.

3. While it may have been intimated in the former decision of this case that if the deed had been offered as a voluntary deed it should have been admitted, there was no evidence offered upon the trial now under review to show that the deed was a voluntary deed on the part of defendant in execution to claimant, who was his wife. Recital by the sheriff in his illegal levy that the property was pointed out by defendant in execution, is not sufficient to bind any one, or to admit the deed in evidence.

4. The equitable plea of claimant was properly stricken. It alleged that she bought in good faith and paid her own money, and that this payment was applied to executions older than that levy, to which this claim was interposed, etc., but does not state who were the parties to those executions, to whom they belonged, the amount thereof, the date, or the courts in which they were obtained.

November 28, 1888.

*Res adjudicata.* Evidence. Deeds. Pleadings. Before Judge RONEY. Burke superior court. December term, 1887.

A *fi. fa.* issuing from the superior court of Richmond

county upon a judgment obtained June 11, 1875, in
favor of Catherine Knight against R. J. Morrison, as
guardian of said Catherine, for $4,785.70 principal, with
interest and costs, was, on June 5, 1876, levied on 1,100
acres of land in Burke county, known as the Forth
place and more particularly described in the levy, and
on other lands. A claim to the Forth place was inter-
posed by Lucy V. Morrison, in aid of which she inter-
posed the following equitable plea : That she was a *bona
fide* and innocent purchaser of the Forth place, for which
she holds the sheriff's deed executed on August 3, 1869;
that she paid in cash for said land, as the highest bid-
der for the same, the sum of $552, which money was a
portion of her separate estate derived from her father;
that said sum was, after satisfying the Rozier *fi. fa.*
[under which the land was sold], applied by the sheriff to
the extinguishment of executions against her husband,
R. J. Morrison, as she is informed and believes; that
said executions were a subsisting lien upon all the prop-
erty of R. J. Morrison, and were older than that of
Catherine Knight, and therefore the money thus paid
in satisfaction of the older executions removed an en-
cumbrance upon the Forth place, which would have had
and taken precedence of the execution of Mrs. Knight
which is now seeking to sell the property, and therefore
in equity the payment of said execution will enure to
the benefit of Mrs. Knight in the event the jury should
find said place subject to her execution. Therefore
claimant prays that if said place should be finally sold
under the levy of Mrs. Knight's *fi. fa.*, the sum of $552,
with interest thereon from the date of its payment, be
allowed claimant out of the proceeds of sale ; and that
if the jury should find the place subject, they would
mould their verdict so as to allow said sum and in-
terest. On demurrer, this plea was stricken.

On the trial, the plaintiff put in evidence her *fi. fa* with the entries thereon; also the *testimony* of several witnesses as to the possession and ownership of R. J. Morrison.

The jury found the property subject. The claimant moved for a new trial on the following grounds:

(1–2) The verdict is contrary to law and evidence.

(3) Error in striking the equitable plea.

(4) The court erred, when plaintiff in *fi. fa.* closed the evidence, in saying in the hearing of the jury, "that the plaintiff in *fi. fa.* has made out a *prima facie* case, and that the burden of proof has been cast on the claimant."

(5) Error in ruling out the deed of Byrd, sheriff, to the claimant to the premises in dispute, a copy of which deed is annexed as an exhibit to the motion; this deed having been offered in evidence by the claimant, not as a valid sheriff's deed, but as a voluntary conveyance only, from Robert J. to Lucy J. Morrison, and also as color of title.

(6) Error in rejecting *fi. fa.* of John R. Rozier, trustee of Edward Byrd and wife, against Robert J. Morrison, principal, and John R. Rozier, security, a copy of which is appended to the motion as an exhibit; claimant having offered said *fi. fa.* in connection with the deed above mentioned as color of title, stating that it was not offered at the time as a valid execution.

(7) Error in rejecting that portion of the minutes of the May term, 1869, of Burke superior court, which showed that Edward Byrd was totally divorced from his wife during said term, and that the term at which the final divorce was granted adjourned on May 31, 1869. Claimant's counsel, in offering this evidence, stated that Mrs. Byrd was not the wife of Edward Byrd at the time that he, as sheriff, levied the Rozier *fi. fa.* and sold the Forth place under it; and further,

that they proposed to show that said levy was made and the property sold solely for the benefit of Mrs. Byrd after her total divorce; that John R. Rozier was never trustee for Edward Byrd; that Edward Byrd had at no time any interest in said *fi. fa.* directly or indirectly; that John R. Rozier had no interest in it, and had never paid it off; and that the money arising from the sale of the place under it was paid by said Rozier, trustee of Mrs. Byrd, to his *cestui que trust.*

(8) Error in rejecting the testimony of Edward Byrd, offered by claimant to prove that, at the time of the levy of the Rozier *fi. fa.*, neither he nor Rozier had any interest in it; that Rozier was never his trustee; that at the time the note was given upon which that *fi. fa.* was founded, it was given for the purchase of property at public sale, property belonging to an estate to which Rozier, as trustee of Mrs. Byrd, had title; that Robert J. Morrison was the purchaser of the property so sold for which said note was given; that when the Forth place was sold under the Rozier *fi. fa.*, the money arising from the sale was paid out by Rozier to Mrs. Byrd after her total divorce from Edward Byrd, that divorce having been granted before said *fi. fa.* was levied; that the residue of the money arising from said sale was paid by Byrd upon an execution against Robert J. Morrison older than the *fi. fa.* of Mrs. Knight; that the sale under the Rozier *fi. fa.*, under which claimant became the purchaser at $550, was open and free to competition, regular and between the legal hours of sale; that it was knocked down to Wm. E. Walker, as agent of claimant, who represented her at said sale, he being the highest and best bidder; that, in the opinion of witness, the reason why the place did not bring a better price was that

the time of sale was soon after reconstruction, when land was depressed and purchasers were timid about titles.

(9) Error in rejecting the testimony of claimant, her counsel offering to prove by her that, at the time of the sale of the Forth place in 1869 by Byrd, sheriff, she was residing in Athens, Georgia; that previously to the sale, having learned that the place had been levied on, she had an understanding with W. E. Walker that he was to attend the sale and bid off the land for her; that after the sale, the sheriff came to Athens and made her a deed to the place, and she paid him the purchase money; that, learning that the place was to be sold, and having some money of her own derived from her father's estate, she determined to buy it, but fearing she did not have money enough, she called upon Walker to unite with her in purchasing it at the sale if it should go beyond her means, which he agreed to do, and the place did not sell for more money than she had; that subsequently she had an interview with Walker and expressed herself satisfied, and he surrendered all claim to an interest in said purchase; that she paid the sheriff the purchase money, $550, which was a part of her separate estate; that her purchase was in good faith; that she never knew of any unfairness at the sale, and was a party to no artifice or collusion in regard to it, and never heard that any existed.

(10) Error in rejecting the testimony of Alpheus M. Rogers, deceased, offered by claimant, as it appeared of record in the brief of evidence taken from a former trial of the case, which was as follows: I drew the deed from Byrd, sheriff, to claimant to the Forth place in Athens, where I was spending the summer. The price was fifty cents an acre. Deed was delivered to claimant, who paid purchase money to sheriff.

(11) Error in refusing to admit deed of Byrd, sheriff, to claimant, and *fi. fa.* of Rozier, trustee, both heretofore mentioned, the same having been finally offered as a valid deed and *fi. fa.*, the foundation having been laid by offering the testimony of Edward Byrd before mentioned, and the minutes of the superior court of 1869.

(12) When the claimant closed, her counsel claimed the right to address the jury as to whether plaintiff in *fi. fa.* had made a *prima facie* case when she closed her case. The court stated, in reply, that this was a question for the determination of the court, and he had already decided it. Claimant insisted that the question of possession was disputed; and the court permitted counsel for claimant to make this issue and address the jury. After argument of counsel for plaintiff, and during the concluding argument of counsel for claimant, claimant having offered no testimony, counsel for plaintiff in *fi. fa.* asked leave to offer additional testimony on the question of possession, which was permitted. It is assigned as error that the court made the statement above set forth as to the question being one for the court and that he had already decided it, in the hearing of the jury.

The deed of Byrd, sheriff, to claimant to the Forth place, dated August 3, 1869, contains the usual recitals as to levy and sale and advertisement; recites a sale under a *fi. fa.* in favor of John A. Rozier, as trustee of Edward Byrd and wife, against Robt. J. Morrison, as principal, and John A. Rozier, security, and that the sale was on the day of the date of the deed, being the first Tuesday of the month, and was made to Lucy V. Morrison, she being the highest bidder; and recites a consideration of $552.50, the amount of said bid. The Rozier *fi. fa.* was issued on a judgment of Burke superior court on November 19, 1867, for $57 principal, with

interest from February 22, 1864, and $13.50 costs, in favor of John A. Rozier, trustee of Edward Byrd and wife, against Robert J. Morrison; it bore an entry of levy upon the Forth place as the property of R. J. Morrison, dated June 28, 1869, and signed, Edward Byrd, sheriff B. C.

The motion was overruled, and the claimant excepted.

H. D. D. Twiggs and J. J. Jones, for plaintiff in error.

R. O. Lovett, and J. S. Hook by Harrison & Peeples, *contra*.

Simmons, Justice.

1. When this case was here before, (79 *Ga.* 55,) this court held that Byrd and his wife, being the usees in the judgment, and Byrd being the sheriff, he could not have levied the execution which sold the land, under which Mrs. Morrison claims; his levy being illegal, the sale of the property was illegal, and the deed he made to Mrs. Morrison at the time of the sale was illegal. This being so, it binds the parties in this case.

2. The court committed no error in ruling out Mrs. Morrison's deed, made to her illegally by Byrd, the sheriff. It is true that the claimant undertook by parol evidence to show that, at the time of the levy and sale, Byrd and his wife had been divorced, and that Mrs. Byrd was the only usee in the judgment; this testimony was also ruled out by the court, and we think properly. We do not think parties can change the records of courts by parol testimony on a trial of this sort.

3. It was insisted by counsel for the plaintiff in error that this court intimated, in the former decision, that if

the deed from the sheriff to Mrs. Morrison, had been offered as a voluntary deed, the court should have admitted it, and that as it was offered on this trial as a voluntary deed, the court was wrong in rejecting it. There is no evidence in this record, and none was offered by the claimant in the court below, going to show that this was a voluntary deed on the part of Morrison, the defendant in *fi. fa.* The intimation of the court in the prior decision was doubtless based upon a state of facts which might have made it a voluntary deed from Morrison to Mrs. Morrison ; and if the claimant had offered, in connection with this deed, testimony going to show that Morrison had pointed out this land to be levied on by the sheriff, and that he stood by and saw it sold and saw Byrd, the sheriff, make a deed to the claimant in this case, it is possible it might have amounted to a voluntary deed from Morrison, although the levy and sale may have been illegal, and if made before the debt on which Mrs. Knight's *fi. fa.* was predicated, would have taken precedence of that debt. But as said before, there was no evidence, or offer of evidence, on the part of the claimant, going to show this state of facts. It is true that the levy of the sheriff recites that Morrison pointed out the land to be levied on, but as we have held that that the levy was illegal, and the sale made thereunder by Byrd, the sheriff, illegal, because he was one of the usees in the judgment, we do not think that the recital by him in his illegal levy that Morrison, the defendant in execution, pointed out this property to be levied on, is sufficient to bind any one, or to admit the deed in evidence as the voluntary deed of Morrison.

4. But it is contended that the court erred in sustaining the demurrer to the equitable plea offered by the plaintiff in error by way of amendment to her claim. This plea alleged, in substance, that the prop-

erty was bought in good faith by Mrs. Morrison, and that the money paid for it was a portion of her separate estate derived from her father, and that the sum so paid over to the sheriff was, after satisfying the Rozier *fi. fa.*, applied by him to the extinguishment and satisfaction of executions against her husband, which executions were subsisting liens upon all the property of her husband, and were older in date than the execution or judgment of Catherine Knight; and that, therefore, the money thus paid in satisfaction of the older executions, removed an encumbrance upon said land, which would have had precedence of the execution of Mrs. Knight; and she prays that the sum of $550 which she paid for the land, with interest thereon, be allowed her out of the proceeds of the land when sold, if it should be sold, under Mrs. Knight's *fi. fa.*

The court below committed no error in striking this plea. While it is true it alleges that the executions thus paid off by her money were older in date than the judgment of Mrs. Knight, it fails to inform the court to whom these judgments belonged, who were the parties plaintiff thereto, the amount thereof, the date, or the courts in which they were obtained. These were material facts which ought to have been alleged in the equitable plea, so that the court could have passed thereon intelligently. Not being alleged, the plea was defective, and the court did not err in sustaining the demurrer. See *Scruggs vs. Burke et al.*, decided at this term ( *post*).

There was no error in the rulings complained of in the other grounds of the motion.

Judgment affirmed.