FRANK LEWIS *vs.* MARY E. NORTON.

Suffolk.    May 24, 1893. — June 28, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Writ of Entry — Statute — Levy of an Execution by Sale of Land — Constable — Jurisdiction.*

The provisions of the Pub. Sts. c. 172, § 29, which require, where a levy of an execution is made by a sale, that " the officer shall give notice in writing of the time and place of sale to the debtor," if found within his precinct, and shall also cause notifications thereof to be posted up in some public place in the city or town where the land lies, and also in two adjoining cities or towns, if there are so many in the county," contemplate that the levy shall be made by some officer whose jurisdiction extends over the whole county; and a constable cannot make a levy of an execution by sale of land where he has no jurisdiction in the towns where the statute requires notifications to be posted up.

LATHROP, J.    This is a writ of entry to obtain possession of a parcel of land in the city of Boston. The demandant claims

title through a writ of execution issued out of the Municipal Court of the City of Boston, which was executed by a sale by a constable of said city. Various objections are taken to the constable's proceedings, but there is only one which we need consider; and that presents the question whether a constable has any authority under our statutes to levy an execution by a sale of the land of the judgment debtor.

The Pub. Sts. c. 27, § 114, provide that a constable who gives and files a bond as described in § 113, " in a sum not less than three thousand dollars, may, within his town, serve any writ or other process in a personal action in which the damages are laid at a sum not exceeding three hundred dollars, and any process in replevin in which the subject matter does not exceed in value three hundred dollars." See Pub. Sts. c. 28, § 9.

We concede at the outset that the words " writ or other process" include an execution, as the language in the St. of 1795, c. 41, § 3, is " any writ, summons, or execution." The words " or other process" first appear in the Rev. Sts. c. 15, § 71, and were probably adopted for the sake of brevity. See also Pub. Sts. c. 160, § 5.

Constables " have no authority to serve process in civil actions, except such as is expressly conferred upon them by statute." Morton, C. J., in *Leavitt* v. *Leavitt*, 135 Mass. 191, 193. Their authority to serve a " writ or other process" in civil actions is confined strictly to the town or city for which they are appointed. If, therefore, a levy of execution requires the performance of an official act outside of such town or city, a constable cannot make the levy.

The Pub. Sts. c. 172, § 29, require, where a levy of an execution is made by a sale, that " the officer shall give notice in writing of the time and place of sale to the debtor, if found within his precinct, and shall also cause notifications thereof to be posted up in some public place in the city or town where the land lies, and also in two adjoining cities or towns, if there are so many in the county." This statute contemplates that the levy shall be made by some officer whose jurisdiction extends over the whole county; and we are of opinion that a constable cannot make a levy of an execution by sale of land where, as in this case, he has no jurisdiction in the towns where the statute

requires notifications to be posted up. The ruling of the learned justice of the Superior Court, that the action could be maintained on the evidence, was therefore wrong.

*C. H. Sprague,* for the tenant.
*W. B. Stevens,* for the demandant.