(36 Misc. Rep. 539.)

### V. LOEWER'S GAMBRINUS BREWING CO v. LITHAUER.

(Supreme Court, Appellate Term.   December, 1901.)

1. MARSHAL OF MUNICIPAL COURT.
    A marshal of the municipal court of the city of New York, borough of Manhattan, has no power to act as such in the county of Kings.

2. SAME—LEVY IN ANOTHER COUNTY.
    A levy by a marshal of the borough of Manhattan on a judgment recovered in the municipal court in the borough of Manhattan on chattels covered by a mortgage, executed by a resident of Kings county, and filed there, is invalid, and neither he nor plaintiff in execution can hold the property against the chattel mortgagee.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by the V. Loewer's Gambrinus Brewing Company against Edward L. Lithauer.   From a judgment in replevin, both parties appeal.   On plaintiff's appeal reversed, and defendant's appeal dismissed.

See 72 N. Y. Supp. 1133.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

C. J. G. Hall, for plaintiff.

Bennet & Silverman, for defendant.

McADAM, P. J.   On August 21, 1900, Ackerly and Balch executed and delivered to the plaintiff a chattel mortgage, payable on demand, covering a quantity of personal property contained in the Clarendon Hotel, at Coney Island, where the mortgagors were carrying on their business.   The mortgage was duly filed in New York county, August 22, 1900, at 9 a. m., and in Kings county, on the same date, at 9:45 a. m.   On August 17, 1900, one Leffer recovered a judgment against the mortgagors in the municipal court of the city of New York for the Seventh district, borough of Manhattan, for $154.29.   Execution on this judgment, issued out of said municipal court, was delivered to the defendant, a marshal appointed for the borough of Manhattan, who thereafter, and on August 27, 1900 (five days after the filing of the plaintiff's mortgage), levied

upon the mortgaged property at Coney Island, in the county of Kings, took possession of the property, appointed one R. tax keeper thereof, and took a receipt from one Nellie Condon, that she would hold the property subject to the defendant's orders. The plaintiff then brought the present action to recover possession of the property, and delivered a requisition in replevin to one Louis Levy, also a marshal appointed for the borough of Manhattan, to execute the writ. The defendant never turned the property over to Levy, and the latter never obtained possession of it. The defendant gave Mr. Levy the receipt Miss Condon had previously signed and given to the defendant, but this in no manner aided Levy in getting the property, and he never in fact gained possession of it. Indeed, according to Tausend v. Handlear, 33 Misc. Rep. 587, 68 N. Y. Supp. 77, neither marshal had power to perform any official function in Kings county; so that all the defendant did there in the way of taking and retaining possession of the property was tortiously done, and conferred no rights whatever either upon him or the judgment creditor he assumed to represent. Levy accomplished nothing, and what he assumed to do, beyond serving the papers herein, is of no account whatever. This view makes it unnecessary for us to consider the effect of section 1403 of the Code of Civil Procedure as to when the property of the judgment debtor becomes bound by an execution delivered to an officer; for, if the marshal has no power to act in Kings county, property not within his jurisdiction was clearly not bound by it. The cause was finally submitted to the justice without any objection whatever from the defendant as to the sufficiency of the plaintiff's proofs, and the justice thereafter filed the following decision:

"Judgment that defendant is in possession of the property described in the complaint, and that he is entitled to such possession until the amount of his special property therein, amounting to the sum of $154.29, be satisfied, with $10 costs against plaintiff."

This judgment was wholly unauthorized, as the defendant never acquired any lien, right of possession, or special property in the subject-matter of the action, and it must be reversed, and a new trial ordered, on the appeal taken by the plaintiff, with costs to the appellant to abide the event.

The appeal taken by the defendant must, under the circumstances, be dismissed, with $10 costs. All concur.

On plaintiff's appeal, judgment reversed, and new trial ordered, with costs to appellant to abide event. Defendant's appeal dismissed, with $10 costs.