# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

## JULY TERM, 1909

[No. 1787]

TONOPAH BANKING CORPORATION, RESPONDENT, *v.* THE McKANE MINING COMPANY OF TONOPAH, NEVADA, APPELLANT.

1. EXECUTION—DIFFERENT WRITS—SALE.

Where a sale was had under an execution, and a sum sufficient to satisfy the judgment was realized, other writs which might have been issued prior thereto, or which were then in existence in the hands of any other sheriff in the state, became *functus officio*.

2. EXECUTION—SALE—VALIDITY.

Where an amount sufficient to satisfy a judgment had been collected under an execution sale, a subsequent sale of other property under an execution issued to a sheriff of another county was void.

3. EXECUTION—SALE—PURCHASE BY JUDGMENT CREDITOR.

Purchase of property at an execution sale by the judgment creditor for a sum sufficient to satisfy the judgment as fully extinguishes the whole judgment as though the bid were by a third person.

4. EXECUTION—SALES—PROPER OFFICER.

An execution must be executed by the sheriff of the county where the property is situated, since a sheriff can transfer only a valid title to such property as lies within his own county or district and can confer no title on property which may border and be in another county, so that, if at the time of the sale he attempts to sell the undivided piece which may be in both counties, the sale will be valid only so far as it affects the property within his own district.

5. EXECUTION—SALES—BID—LOCATION OF PROPERTY.

Where certain mining claims levied on under an execution were located in two counties, and the sheriff of Nye County under his execution sold only the interest of the debtor in the claims "situated in the county of" Nye to the judgment creditor for an amount sufficient to satisfy the judgment in full, the fact that the creditor intended to have bid in the whole property, but instead bid the full amount of the purchase price or a portion thereof, in the absence of fraud, did not prevent the sale from satisfying the judgment in full.

6. EXECUTION—JUDICIAL SALES—SALES—CAVEAT EMPTOR.

The law of *caveat emptor* applies to all judicial and execution sales, except where fraud intervenes.

APPEAL from the District Court of the Fifth Judicial District of the State of Nevada, Nye County; *J. P. O'Brien*, Judge.

Action by the Tonopah Banking Corporation against the McKane Mining Company of Tonopah, Nevada. From an order denying defendant's motion to vacate an execution sale, defendant appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Key Pittman*, *F. A. Stevens*, and *Walter Shelton*, for Appellant.

*Jas. F. Dennis*, for Respondent.

By the Court, SWEENEY, J.:

On the 2d day of November, 1907, the plaintiff commenced suit against the defendant for the recovery of the sum of $9,657.22, and interest, alleged to have been loaned to the defendant, together with costs of suit and $1,000 attorney's fees. A demurrer was interposed by the defendant upon several grounds, and the plaintiff thereafter, by leave of court, amended its complaint to meet the objections interposed by the demurrer. On the 23d day of December, 1907, a stipulation was entered into between counsel for the opposing parties, wherein it was agreed that the plaintiff should have judgment for the sum of $9,618.64, together with interest thereon from the 31st day of August, 1907, until the said sum should be paid, and for its costs of suit. In accordance with this stipulation, on the 23d day of December, 1907, both

counsel being present, a judgment was rendered in accordance with the terms of said stipulation.

It appears that on the 29th day of November, 1907, a writ of attachment was issued out of the district court to the sheriff of Nye County, directing him to attach all property of said defendant in his county, not exempt from execution, or as much as would be necessary to satisfy the prayer of plaintiff's complaint, and that in accordance therewith the said sheriff, among other things, attached the following-named mining claims: Parker Fraction, Trenton, Denver, Deming, Baas, C. B. & Q., Burlington, Cats Paw, Bermuda, Short, and Paymaster lode mining claims situated in the Tonopah Mining District, partly in Nye County and partly in Esmeralda County, State of Nevada, owned by the appellant; but said sheriff, in his return, attached all of the right, title, claim, and interest of appellant in and to said mining claims as "situated in the said County of Nye, State of Nevada."

After the entry of the judgment aforesaid, writs of execution were issued to the sheriffs of both Nye and Esmeralda Counties, directing each of them to sell sufficient property situated in his county, belonging to said appellant and not exempt from execution, to satisfy said judgment and execution thereon. The sheriff of Nye County proceeded in the manner prescribed by law to satisfy said execution, and on the 21st day of January, 1908, sold to respondent, as execution purchaser, all the right, title, claim, and interest of appellant in and to said group of mining claims situated in Nye County, for the sum of $10,252, a sum more than sufficient to satisfy said judgment and all interests and costs thereon. Said sum was thereupon applied to the satisfaction of said execution, and it was returned fully satisfied. Thereafter, on the 22d day of January, 1908, the sheriff of Esmeralda County sold, in accordance with the regular advertised notice of sale, the same mining claims above named, in so far as they laid in Esmeralda County, to the respondent for the sum of $10,114.44.

On the 20th day of July, 1908, and before the time for redemption had expired, the appellant made a motion in

the above-entitled district court for an order annulling, vacating, and setting aside said Esmeralda County execution sale and for an order directing the sheriff of said county not to execute and deliver any sheriff's deed by reason of said sale, on the ground that the judgment in said case had been satisfied prior thereto by the sale in Nye County, and that the execution in Esmeralda County was *functus officio*. On the 22d day of July, 1908, the court rendered its decision and entered an order denying appellant's motion, and it is from this order that appellant appeals.

A review of the transcript and the law applicable to the questions in controversy leads us to the conclusion that the judgment of the lower court must be reversed. After the sale by the sheriff of Nye County on July 21, 1908, of that portion of the mining claims above named situated in Nye County for a sum sufficient to satisfy said judgment, unquestionably any other writs of execution which might have been issued prior thereto, or which were then in existence, to any other sheriff in the state, became *functus officio*. (*Murrell* v. *Roberts*, 33 N. C. 424, 53 Am. Dec. 419; *Reynolds* v. *Ingersoll*, 11 Smedes & M. 249, 49 Am. Dec. 57; *Knight* v. *Morrison*, 79 Ga. 55, 3 S. E. 689, 11 Am. St. Rep. 405; *Jinks* v. *American Co.*, 102 Ga. 694, 28 S. E. 609; *Hastings* v. *Johnson*, 1 Nev. 613.) The sale by the sheriff of Esmeralda County therefore was absolutely void, and legally could confer no title, because the very judgment on which the execution was issued, and for which he was making the sale to satiate its demands, was already satisfied by the sale of the sheriff of Nye County upon property belonging to the appellant within Nye County, and from which sale a sufficient sum was brought to satisfy the judgment and execution. (*Knight* v. *Morrison*, 79 Ga. 55, 3 S. E. 689, 11 Am. St. Rep. 405; *Reynolds* v. *Ingersoll*, 11 Smedes & M. 249, 49 Am. Dec. 57; *Murrell* v. *Roberts*, 33 N. C. 424, 53 Am. Dec. 419; *Boos* v. *Morgan*, 130 Ind. 305, 30 N. E. 141, 30 Am. St. Rep. 237; *Wills* v. *Chandler*, 2 Fed. 273; *Bullard* v. *McArdle*, 98 Cal. 355, 33 Pac. 193, 35 Am. St. Rep. 176; *Hastings* v. *Johnson*, 1 Nev. 613.)

The fact that the judgment creditor became the purchaser at the sale, and bid a sum sufficient to satisfy the judgment,

as fully extinguishes the whole judgment as though the bid were made by an outside party. (23 Cyc. 1490; 17 Cyc. 1398; *Kleinhenz* v. *Phelps*, 6 Hun, 568; *Weaver* v. *Toogood*, 1 Barb. 238.) It has been held by this court that writs of attachment and execution must be executed by the sheriff of the county where the property is situated (*Sadler* v. *Tatti*, 17 Nev. 429), and the law is also well established that a sheriff can transfer only a valid title to such property as lies within his own county or district, and that he can confer no title on property which may border and be in another county, and, if at the time of the sale he should attempt to sell the undivided piece which may border in both counties, the sale would be valid only in so far as it affected the property within his own district, and, as to that portion lying in the adjoining county, in so far as it affected that particular part, it would be inoperative and void. (*Alred* v. *Montague*, 26 Tex. 732; *Menges* v. *Oyster*, 4 Watts & S. 20, 39 Am. Dec. 57; *Casseday* v. *Norris*, 49 Tex. 613; *Lewis* v. *Dennis*, 54 Tex. 487; *Terry* v. *O'Neal*, 71 Tex. 594, 9 S. W. 673; *Short* v. *Hepburn*, 75 Fed. 113, 21 C. C. A. 252; *Finley* v. *S. C. Canal Co.*, 2 Rich. Law, 567; *Denny* v. *Faulkner*, 22 Kan. 89; *Morrell* v. *Ingle*, 23 Kan. 32; *Lewis* v. *Norton*, 159 Mass. 432, 34 N. E. 544; *Loewers Co.* v. *Lithauer*, 36 Misc. Rep. 539, 73 N. Y. Supp. 947; *Plant* v. *Anderson*, 16 Fed. 914.)

In the present case, however, the sheriff of Nye County, in his return on the execution, sold only the interest of the appellant in and to said mining claims "situated in the County of Nye and the State of Nevada." The fact that the plaintiff may have intended to have bid in the whole property to satisfy the judgment, but failed to do so, and bid the full amount of the purchase price erroneously for a portion of the property, cannot affect the legal status of the situation. The law of *caveat emptor* applies to all judicial and execution sales with equal force as it does to other sales of property, except where fraud may be claimed or maintained, and in this case no such representation has been made. (*Williams* v. *Glenn*, 87 Ky. 87, 7 S. W. 610, 12 Am. St. Rep. 461; *Stearns* v. *Edson*, 63 Vt. 259, 22 Atl. 420, 25 Am. St. Rep. 758; *Goodbar* v. *Daniel*, 88 Ala. 583, 7 South. 254, 16 Am. St. Rep. 76;

*Jones* v. *Burr*, 5 Strob. 147, 53 Am. Dec. 699; *Kleinhenz* v. *Phelps*, 6 Hun, 568; *Weaver* v. *Toogood*, 1 Barb. 238; *Poppleton* v. *Bryan*, 36 Or. 69, 58 Pac. 767.)

The sale by the sheriff of Nye County was duly advertised, and all bidders were bound to take notice of the property advertised for sale. · The sale was regular in all particulars, and, no fraud being alleged or urged, it passed a valid title for the sum bid, and, said sum being sufficient to satisfy all the demands of the judgment, all other writs of execution in existence became *functus officio* when the judgment was extinguished by the proceeds of this sale. Hence, the appellant's motion in the lower court should have prevailed.

These propositions appear so clear that we deem it unnecessary to further elaborate upon them.

The order of the lower court denying appellant's motion to annul, vacate, and set aside the sale by the sheriff of Esmeralda County of the claims in question is hereby reversed, and it is so ordered.