CARRIE B. COULTERS *vs.* JAMES F. MEIGGS *et al.*

MARCH 31, 1937.

PRESENT: Flynn, C. J., Capotosto, Baker, and Condon, JJ.

CONDON, J. This is a bill in equity to set aside and cancel a sheriff's deed of certain real estate situated in the town of Warren, in the county of Bristol. The execution, under the authority of which the sheriff's sale of this real estate was held, was issued by the superior court for the county of Providence as the result of a judgment obtained in that court against this complainant in the case of *Luigi Vallona* v. *Carrie B. Coulters,* Law No. 92279. This execution ran against the real estate belonging to the defendant in said Warren and also in the city of Cranston in the county of Providence.

The instant cause was heard before a justice of the superior court on bill, answer, replication and proof, and at the conclusion of the hearing, a decision was rendered from the bench, in which the trial justice found that the complainant had failed to establish any of the allegations in her bill of complaint. A decree was duly entered in conformity with this decision and incorporated therein were certain findings of fact. This decree formally denied and dismissed complainant's bill, and the cause is now here in due course on the complainant's appeal.

The complainant contends that the sheriff's sale was invalid on the following grounds: (1) That the publication of notice of the sale was insufficient, (2) that the sale of the whole of the levied property, where it was possible to sell it in separate parcels, is contrary to the established law

of this state, and (3) that the sheriff at the time of the sale did not have possession and charge of the execution as required by law.

Was the publication of notice of sale sufficient? The law requires that notice shall be given in a newspaper published in the county where the real estate lies or, if there is no newspaper published in the county, in some newspaper published daily in the city of Providence. The notice in the instant case was published in the Warren and Barrington Gazette, published at Warren. The uncontradicted evidence was to the effect that the newspaper was published twice a week and that it was regularly on sale at several places in Warren. It was also in evidence that it carried news of a general nature and also local news pertaining to the residents of Warren and Barrington especially. From this evidence the trial justice found that there was a publication of the notice of sale sufficient to meet the requirements of the law. We agree with this finding.

Was the sale of the whole of the levied real estate in one parcel invalid? This court has approved the principle laid down in many cases that a sale *en masse,* when less would be sufficient, will be declared void; and that in general it is the duty of the officer to sell by parcel, and not the whole tract in one entire sale. *Aldrich* v. *Wilcox,* 10 R. I. 405. Only so much of the property as could conveniently and reasonably be sold separately, and which would probably satisfy the execution, should be sold. *Hewson* v. *Deygert,* 8 Johns. 257. This and other expressions from the cases collected in *Aldrich* v. *Wilcox, supra,* clearly show that the primary duty of the officer is to sell in separate parcels, when that method is feasible, but something is left to his discretion under certain circumstances, and not every sale in one parcel should be set aside merely for that reason. It was said in *Tiernan* v. *Wilson,* 6 Johns, Ch. 410: "There must be a sound discretion exercised by the officer, and each case will furnish a rule applicable to it under all its circumstances." In other words, a sale made by the officer

in one parcel where sale could have been made in separate parcels is not void but is at most voidable, according to the circumstances of the particular case. *Mohawk Bank* v. *Atwater,* 2 Paige, 54. There is no evidence in the instant case that the sale in one parcel was unjust or inequitable to the complainant, or that the sheriff could have probably obtained a larger amount toward satisfying the execution if he had offered the real estate for sale in separate parcels. We are therefore of the opinion that in this instance a sale in one parcel by the sheriff was a substantial compliance with the law.

Was the execution in the possession of the sheriff at the time he made the sale? We have read the transcript of the testimony and we agree with the finding of the trial justice that it was, and that the sale in this respect was made according to the requirements of the law. On the hearing in the superior court, the complainant sought to prove by a witness that the sheriff did not have the physical possession of the execution and did not read from it at the sale, but in argument here, and in his brief, he appears to contend that the execution shows on its face that it was in the legal possession and charge of the sheriff of the country of Providence at the time of the sale at Warren, and that therefore the sheriff of the county of Bristol could not have legal possession and charge thereof. His contention boiled down amounts to this, that there cannot be dual custody of the execution.

The evidence and the execution itself disclosed that the sheriff of the county of Providence had already made a levy under the execution on real estate in Cranston and then forwarded the execution to the sheriff of the county of Bristol, who made his levy in Warren and returned the execution to the sheriff in Providence. Later, before the sale in Cranston, the execution was again sent to the sheriff of the county of Bristol for his use at the sale in Warren. The levy and sale in Warren under these circumstances, the complainant claims, were invalid because in law the execution

could only be in the possession and charge of the sheriff of Providence at that time. The complainant, in support of the contention, refers us to the text of Murfree on Sheriffs, chap. III, §§ 113, 114; 1 Freeman on Executions, § 104, and cites the following cases cited by these text writers. *Oldfield* v. *Eulert,* 148 Ill, 614; *Plant* v. *Anderson,* 16 Fed. 914. The latter case is a meager report and of little or no value. The Illinois case does not present the same problem as the instant case and is of no help to the complainant here. No case on the point has been decided in this state. At least the complainant has not cited any and we have been unable to find any. We think it pertinent to note that in the instant case the execution, in accordance with our statute, is directed to "The sheriffs of our several counties or to their deputies." If circumstances require, as in the case at bar, that the execution be sent to the sheriff of another county by the sheriff to whom it was first delivered, there would seem to be no valid objection to such action in view of the direction in the writ of execution itself. On the facts and the law, therefore, as they were presented to the trial justice, we are not convinced that his finding, that the execution was in the charge and possession of the respondent sheriff in accordance with law, was clearly erroneous.

Some contention was made in the superior court that the sale was not for cash, but in this court that contention was not strongly pressed. The evidence is undisputed that the full purchase price was paid within fifteen minutes after the sale was closed, this being the maximum time consumed by the sheriff and the purchaser walking two blocks down the same street where the sale was held to the bank where purchaser had his money. The trial justice found on this evidence that the sale was one for cash in accordance with the requirements of the law, and in this he was clearly right.

Upon perusal of the transcript and after careful consideration of the points of law raised by the complainant, we cannot say that the decision of the trial justice is clearly erroneous or that it fails to do justice between the parties.

Therefore, under the well-established and oft-repeated rules of this court in such cases, we shall not disturb his findings.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Frank H. Wildes* for complainant.

*Moss, Haslam & Arnold, W. Vincent Sumpter, Harry A. Tuell* for respondents.

