PHILIP SULLIVAN *vs.* EDWARD E. WENTWORTH.

Norfolk.   March 7. — May 9, 1884.   DEVENS & COLBURN, JJ., absent.

A constable may, upon a capias issued by a district court in a criminal case, arrest a person outside of the town for which he is elected, but in the same county, and within the jurisdiction of the court issuing the warrant.

MORTON, C. J.   The bill of exceptions in this case is not quite intelligible.   It states that the second count of the plaintiff's declaration, which is for an illegal arrest and a false imprisonment, "was not considered by the jury, who returned a verdict upon the first count only."   The copy of the record sent up with the bill of exceptions shows that the jury returned a general verdict for the defendant, which is a verdict upon both counts.   We treat the case as if the ruling had been in form, as it was in substance, that, upon the evidence, the plaintiff could not maintain his second count.   Both counsel have so regarded it.

Thus considered, it raises the question whether a constable can, on a capias issued by a police or district court, in a criminal case, arrest a person outside of the town for which he is elected, but in the same county, and within the jurisdiction of the court issuing the warrant.

By our statutes, warrants and other criminal processes issued by a district or police court, or by a trial justice, "may be directed to and served by a constable of any city or town within the county in which such trial justice" or court has jurisdiction. Pub. Sts. c. 154, § 31 ; c. 155, § 44. St. 1876, c. 94. We can see no reason for giving this provision any other than its natural meaning, which is that a constable of any town within the county, and within the jurisdiction of a police or district court, may lawfully serve any criminal process issued by the court and directed to him. Unless it receives this construction, the statute would have no effect, because, before the statute of 1876 was passed, a constable had authority to serve such processes in the town for which he was elected, and to convey prisoners and property in his custody under such process beyond the limits of his town to the court or justice who issued it, or to the jail or house of correction. Gen. Sts. c. 18, § 68. It follows, that the act of the defendant, in serving the capias in this case, was legal; and that the Superior Court rightly ruled that, upon the evidence, the plaintiff could not maintain his second count.                            *Exceptions overruled.*

*E. Bicknell*, for the plaintiff.

*L. T. Cushing*, for the defendant.