JAMES F. BEARD *vs.* FRED H. SEAVEY.

Suffolk.   March 9, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Tax,* Collection.   *Constable.*

Under R. L. c. 13, § 31, a constable to whom a tax warrant has been issued by a
collector of taxes can serve it anywhere in the Commonwealth.   This power is
not limited by § 79 of the same chapter providing for the issuing of warrants by
the treasurer of a city or town when appointed the collector of taxes.

Under R. L. c. 13, §§ 31, 87, the keeper of a county jail is liable in an action of
tort to the collector of taxes of a city in another county for refusing to receive
as a prisoner a delinquent taxpayer arrested in the county in which the jail is
situated by a constable of the city in the other county on a warrant issued by
the collector.

TORT by the treasurer and collector of taxes of the city of
Somerville against the sheriff and keeper of the jail of the county
of Suffolk for refusing to receive into that jail one Leopold La
Bua who had been arrested in Boston by a constable of the city
of Somerville on a warrant issued by the plaintiff upon the failure
of La Bua to pay a poll tax after the expiration of fourteen days
from the date of the demand upon him for its payment.   Writ
dated December 29, 1905.

In the Superior Court the case was submitted upon an agreed
statement of facts to *Gaskill,* J., without a jury.   He found
and ordered judgment for the defendant; and the plaintiff
appealed.

*F. W. Kaan,* for the plaintiff.

*H. R. Bailey,* for the defendant.

KNOWLTON, C. J.   The question in this case is whether a
constable, to whom a warrant has been issued by a collector of
taxes, under the R. L. c. 13, § 31, can serve it outside of his own
town.   This statute is as follows: " If a tax assessed upon a per-
son remains unpaid for fourteen days after demand therefor, the
collector may issue his warrant to the sheriffs of the several coun-
ties, or their deputies, or to any constable or deputy collector of
taxes of the city or town for which he is the collector, directing
them and each of them to distrain the property or take the body

of the person assessed and to proceed as required of collectors in like cases. The warrant shall run throughout the Commonwealth, and any officer to whom it is directed may serve it and apprehend the person in any county." In general, sheriffs and their deputies can serve process only within their own counties. R. L. c. 23, § 12. *Henshaw* v. *Savil*, 114 Mass. 74. The jurisdiction of a constable, in ordinary cases, is limited to the town in which he is elected. R. L. c. 25, §§ 88, 89. *Lewis* v. *Norton*, 159 Mass. 432, 433. But for special cases, there are exceptions to this rule. R. L. c. 25, §§ 92, 93; c. 166, § 13. *Sullivan* v. *Wentworth*, 137 Mass. 233.

The last sentence of the section above quoted, in the plainest terms, gives jurisdiction to the officer to serve the warrant in any county. In this respect the statute makes no distinction between a deputy sheriff and a constable to whom the warrant is directed.

It is contended that this express provision is controlled by the R. L. c. 13, § 79, which provides for cases in which the treasurer of a city or town is appointed collector of taxes, and authorizes such a collector to issue warrants to the sheriff of the county, or his deputy, or to any constable of the city or town, returnable in sixty days, requiring them to collect any or all taxes remaining unpaid. " Such warrants shall be substantially in the same form, and shall confer the same powers as warrants by assessors to collectors." The argument is that warrants issued by assessors to collectors do not authorize collectors to make arrests outside of the town for which they are elected, and that therefore the express provision, relied on in § 31, does not give such authority to the officers to whom the warrant is directed. The answer to this contention is that, if the true construction of § 79 is as argued by the defendant, it is a section of a different kind from the other, applicable only when the town treasurer is made the collector, and it is intended to permit him to delegate by his warrant the collection of any part or the whole of the taxes to an officer, and to give him the powers of collectors of taxes in making the collection. This provision had its origin in the St. 1817, c. 69, and has been continued with slight modifications through the Rev. Sts. c. 8, § 36, Gen. Sts. c. 12, § 45, St. 1874, c. 28, § 2, Pub. Sts. c. 12, § 70, St. 1888, c. 390, § 80, and R. L.

c. 13, § 79. Under all these statutes, an officer, acting under a warrant from the collector, is given the powers of collectors of taxes. This general provision for officers acting in this way, not merely to enforce the collection of a tax after a refusal to pay on demand, but to do the whole business of collecting the taxes committed to them, cannot limit the powers of officers under warrants given for a special purpose, under § 31. That the officer to whom the warrant is directed may act anywhere within the Commonwealth is further emphasized, in the language of the warrant prescribed by R. L. c. 13, § 87. This language, referring to the delinquent taxpayer, is, "him commit to one of the common jails in the county in which you shall arrest him."

From the earliest times a collector of taxes might arrest one who had removed from the town where the tax was assessed, in any county where he was found. St. 1785, c. 70, § 5. Rev. Sts. c. 8, § 14. Pub. Sts. c. 12, § 19. It is a question which does not arise in this case, whether the repeal of Pub. Sts. c. 12, § 19, by the enactment of the St. of 1888, c. 390, § 95, and the substitution of the provisions found in §§ 18 to 23 of this statute, changes the law in this respect. By the St. of 1889, c. 334, c. 390 of the St. of 1888 was amended in some particulars, one of which was by § 4 of the later statute, which changed materially the method of making the demand for payment of the tax. This change made it necessary to change § 23 of the same statute, and it is contended by the defendant that this change, found in St. of 1889, c. 334, § 6, now R. L. c. 13, § 31, has left tax collectors with no power to arrest delinquents except in their own towns. There is ground for an argument that the Legislature, by St. of 1888, c. 390, did not intend to change the law in this particular, and that the only effect of St. of 1889, c. 334, § 6, was to change the law in regard to making the demand. Certain it is that the right of a tax collector to proceed by distress or by imprisonment, on the expiration of fourteen days after the demand, was not taken away by the amendment just cited, and the law is silent as to whether he may exercise his right in his own town only, or throughout the Commonwealth. On the other hand, the express provision of the Pub. Sts. c. 12, § 19, for action by the tax collector in

any county, was included in the general repeal of the chapter, contained in St. of 1888, c. 390, § 95.

As this question is not before us we leave it undecided. Whatever the construction of the statute as to the right of a collector of taxes to make an arrest outside of the town for which he is acting, we think it plain that an officer to whom he issues his warrant, under the R. L. c. 13, § 31, may serve the warrant in any county. Officers acting under similar warrants have had this power for more than sixty years. St. 1842, c. 34. Gen. Sts. c. 12, § 18. Pub. Sts. c. 12, § 19. St. 1888, c. 390, § 23.

*Judgment for the plaintiff.*