**POPPLETON *v.* BRYAN.**

[58 Pac. 767.]

VACATING EXECUTION SALE—FALSE REPRESENTATIONS.—A judgment creditor who purchased land on an execution in his favor is not entitled, after the issuance of the sheriff's deed, to have the satisfaction of the judgment set aside, and a new execution issued, because he has discovered that the judgment debtor did not have as great an interest in the tract sold as he thought, where he was induced to believe that the debtor had a greater interest than he really had, partly by the representations of the debtor, and partly by his own and other people's investigations, and it is not shown that the debtor knew when he made them that his representations were false:  *Dunning* v. *Cresson*, 6 Or. 241 and *Cawston* v. *Sturgis*, 29 Or. 331, applied.

From Multnomah :  E. D. SHATTUCK, Judge.

This is an appeal from an order setting aside and vacating the satisfaction of a judgment.   The facts are that

on September 7, 1892, the petitioner, Ildegerty Popple-
ton, recovered a judgment against Mrs. Bryan, now de-
ceased, in the Circuit Court of Oregon for Multnomah
County, for about $1,200, and, at the sale under an exe-
cution thereon, became the purchaser, for the amount of
the judgment, of certain real property which had been
levied upon as the property of the defendant in the writ.
The execution was returned satisfied, the sale confirmed,
and a sheriff's deed made to the plaintiff in the writ, the
petitioner herein.    Thereafter she discovered that Mrs.
Bryan did not own the property so purchased or any part
thereof, at the time of the levy and sale, except an undi-
vided one-half interest in about three-fourths of an acre,
and thereupon filed in the court rendering the judgment
a petition for an order vacating the sale and reinstating
the judgment.    It is alleged in the petition, as a ground
for relief, "that before and at the time of the rendition
of said judgment and issuance of said writ, and before
the sale herein mentioned, said defendant represented to
this plaintiff that she was the owner in severalty of said
property; that plaintiff relied on said representation,
and bid in said property for the amount due on said exe-
cution; that, at the time of said levy and sale herein
mentioned, said plaintiff thought and supposed the said
parcels were the property of said defendant in said writ,
and subject to sale under said writ;  *  *  *  and the
said plaintiff shows unto your honor that at the time of
the levy of said writ and sale thereunder, and at the time
of the rendition of said judgment, the said parcels of
land, or any part thereof, was not the property of the de-
fendant, Mary Bryan, except an undivided one-half inter-
est in and to about three-fourths of an acre;  *  *  *
that said judgment was not a lien on said parcels, or any
part thereof, except as above mentioned, and the same
was not subject to sale under said execution; that, in

truth and in fact, the title to said parcels, so sold as afore-
said, except above mentioned, at the time of the entry of
said judgment and sale, was in fee in third parties, and
the said defendant in said writ had no right, title, or in-
terest in said parcels, except as above stated ; that said
three-fourths acre lies in a gulch, and is a long, narrow
strip, and was not, at the time of the sale under said exe-
cution, of greater value than two hundred dollars ; that
this plaintiff acquired nothing under said sale and execu-
tion, except an undivided one-half interest in said three-
quarters of an acre.''

A demurrer to the petition having been overruled, F.
E. Beach, administrator, substituted for Mrs. Bryan, filed
an answer admitting the recovery of the judgment by the
petitioner, and the sale of the property to satisfy the same,
as alleged in the petition, but denying the other allega-
tions ; and, for a further and separate defense, among
other things, averring that the property described in the
petition as having been purchased by the plaintiff com-
prises the whole of what is known as the ''Thomas G.
Robinson Donation Land Claim,'' containing 25.35 acres,
and a tract of about 2.03 acres acquired by Robinson from
one Finice Carruthers by purchase ; that Robinson sold
and conveyed, by various deeds to different persons, large
portions of his donation land claim, and of the tract pur-
chased by him of Carruthers, but, owing to misdescrip-
tions in the deeds and inaccuracies in surveying the prop-
erty, failed to convey, and died seised of, certain small
strips and tracts thereof, an exact description of which the
defendant is unable to give and cannot ascertain ; that
Mrs. Bryan and one Annie McCormick inherited all of the
property of which Robinson died seised in equal shares,
and that at the time of issuing the execution, and the
levy and sale thereunder, mentioned and described in the
petition, Mrs. Bryan was the owner of an undivided one-

half interest in all property not conveyed by Robinson at the time of his death, and that the plaintiff, as the purchaser at said sale, secured all her right, title, and interest therein, and has ever since held and enjoyed the same; that at the time of the sale, and prior thereto, she well knew that Mrs. Bryan was not the owner of the whole of the property so sold, and that large portions were owned by other parties under conveyances from Robinson, but, being desirous and with the purpose and intention of obtaining title to all the interest of Mrs. Bryan, she caused the entire donation claim of Robinson, and the tract purchased from Carruthers, to be levied upon and sold under the execution, and became the purchaser at said sale for the sum of $1,362.83, with full knowledge of all of these facts, and well knowing that a great uncertainty existed as to what interest, if any, Mrs. Bryan had in the property.

A reply having been filed denying the allegations of the answer, a trial was had, and the findings of fact, so far as material to any question raised on this appeal, are as follows : " (3) That the property described in said finding No. 2 includes the entire Robinson donation land claim of over 28 acres, and a portion of a tract purchased by Robinson from Finice Carruthers, and was owned by said Robinson in his lifetime, and that prior to his death he had conveyed away large portions thereof ; that said defendant Mary Bryan, together with one Annie McCormick, inherited from said Robinson, through his wife, such portions of said land claim that had not been disposed of at the time of his death ; that before and at the time of the rendition of said judgment, and issuance of said writ and sale thereunder, defendant Mary Bryan represented to this plaintiff that she was the owner in severalty of large tracts of land in the Robinson donation land claim, being the greater portion of said donation

land claim, and the said second parcel described in finding No. 2, and had not disposed in any way of the same or any part thereof; that at said time said defendant Mary Bryan exhibited to the plaintiff a certain map of said parcels, being hereunto attached and made a part hereof; that plaintiff relied partly on said representations of Mrs. Bryan, and believed them to be true, partly on her own investigation, and partly on the representations of other persons, and thought and supposed said Mary Bryan was at the time of the said levy and sale the owner in severalty of three or four acres in said Robinson donation land claim, and other tracts in said donation land claim sufficient to satisfy said execution in full, and at a sale under said execution bid in said property for the sum of $1,362.83, the amount due on said writ, and, in conformity therewith, said sheriff returned said writ into this court, with his doings thereon, with his certificate that said writ was satisfied in full, and upon the records of this court said writ and judgment appear to be satisfied in full." The court also finds that Mrs. Bryan was not the owner in severalty of the land bid in by the plaintiff, as represented by her, but was at said time the owner of an undivided one-half of three-fourths of an acre thereof; that the judgment was not a lien thereon or any part thereof, except said three-fourths of an acre; that the parcel owned by her was, at the time, of the value of $200 and no more; and that plaintiff acquired nothing under the sale and execution except an undivided half interest in three-quarters of an acre tract. And, as conclusions of law, finds that there was no real satisfaction of the judgment and execution, except to the extent of $200; and that such satisfaction, except as to said amount, should be set aside and canceled, and the sale under the execution, and the sheriff's deed thereon, except as to

such three-quarters of an acre tract, should be canceled and held for naught. From this order the defendant appeals.                                    REVERSED.

For appellant there was an oral argument by *Messrs. Richard W. Montague* and *Theodore J. Geisler*, with a brief over the name of *Gammans & Lamson*, to this effect:

I.   Fraudulent representations afford no ground for relief at law unless they were known at the time to be untrue by the party making them. A *scienter* must be shown: *Collins* v. *Evans*, 5 Q. B. 820; *Barley* v. *Walford*, 9 Q. B. 197; *Ormrod* v. *Huth*, 14 Mees & W. 650; *Marsh* v. *Falkner*, 40 N. Y. 562; *Wakeman* v. *Dalley*, 51 N. Y. 27 (10 Am. Rep. 551); *Schwabacher* v. *Riddle*, 99 Ill. 343; *Tone* v. *Wilson*, 81 Ill. 529.

II.   The representations must have been relied upon by the party to whom they were made; and, if he makes independent investigation of the matters stated, he cannot recover on the ground of fraud: *Hagee* v. *Grossman*, 31 Ind. 223; *Hess* v. *Young*, 59 Ind. 379; *Taylor* v. *Guest*, 58 N. Y. 262; *Percival* v. *Hargar*, 40 Iowa, 286; *Slaughter's Adm'r* v. *Gerson*, 80 U. S. (13 Wall.) 379; *Tuck* v. *Downing*, 76 Ill. 71; *Hicks* v. *Stevens*, 121 Ill. 186; *Southern Develop. Co.* v. *Silva*, 125 U. S. 247.

III.   Where a party to whom fraudulent representations are made has the same means of knowledge as the party making them, he cannot recover on the ground of fraud: *Banfield* v. *Banfield*, 24 Or. 571; *Tuck* v. *Downing*, 76 Ill. 71; *Hicks* v. *Stevens*, 121 Ill. 186; *Schwabacher* v. *Riddle*, 99 Ill. 343; *Insurance Co.* v. *Reed*, 33 Ohio St. 283; *Slaughter's Adm'r* v. *Gerson*, 80 U. S. (13 Wall.) 379; *Brown* v. *Leach*, 107 Mass. 364; *Poland* v. *Brownell*, 131 Mass. 138 (41 Am. Rep. 215); *Long* v. *Warren*, 68 N. Y. 426; *Chrysler* v. *Canady*, 90 N. Y. 272 (43 Am.

Rep. 166) ; *Mamlock* v. *Fairbanks*, 46 Wis. 415 (32 Am.
Rep. 716); *Southern Develop. Co.* v. *Silva*, 125 U. S. 247.

IV.   Where real property is sold under a general exe-
cution the purchaser buys *caveat emptor*, and the satisfac-
tion cannot be set aside, even though the title absolutely
fails :  *Smith* v. *Painter*, 5 Serge & Rawle, 223 (9 Am.
Dec. 344) ;  *Vattier* v. *Lytle's Ex'rs*, 6 Ohio, 477 ;  *Thomas*
v. *Glazener*, 90 Ala. 537 (24 Am. St. Rep. 830);  *Holcombe*
v. *Loudermilk*, 3 Jones' Law (N. C.), 491 ;  *Jones* v. *Burr*,
5 Strob. (S. C.) 147 (53 Am. Dec. 699), 2 Black, Judg.
§ 1010 ;  *Freeman* v. *Caldwell*, 10 Watts, 10.

V.   The satisfaction will not be set aside when the
judgment debtor has any interest whatever in the prop-
erty :  *Holtzinger* v. *Edwards*, 51 Iowa, 383.

VI.   The rule of *caveat emptor* applies to purchasers at
all execution sales :  *Hoxter* v. *Poppleton*, 9 Or. 481 ;  *Hex-
ter* v. *Schneider*, 14 Or. 184.

For respondent there was an oral argument by *Mr. U.
S. Grant Marquam*, with a brief to this effect :

I.   A court of law exercises equitable jurisdiction over
its own process;  and, where the plaintiff is the purchaser,
and the rights of third persons have not intervened, a
court of law, even after a deed has passed, upon motion
or petition filed in the court from which process has is-
sued, where fraud or other matters are alleged, making
it unfair or inequitable for the sale or deed to stand, has
jurisdiction and power to set aside the deed and the satis-
faction of the judgment ;  and the only forum whence
such relief is granted is in the court where the process
has issued.   The following authorities show that motion
or petition filed in the court whence the execution issued
is the proper remedy :  *Wilson* v. *Stillwell*, 14 Ohio St.
467 ;  *Laughlin* v. *Fairbanks*, 8 Mo. 367 ;  *Bentz* v. *Hines*,

3 Kan. 390 (89 Am. Dec. 594) ; *Meyer* v. *Bishop,* 27 N.
J. Eq. 141 ; *Mutual Life Ins. Co.* v. *Goddard,* 33 N. J. Eq.
483 ; *State* v. *Baker,* 9 Rich. Eq. 521 ; *March* v. *Ludlum,*
3 Sandf. Ch. 35 ; *Boles* v. *Johnston,* 23 Cal. 226 (83 Am.
Dec. 111).

II.   The following authorities hold that even after a
deed has been given, in case of fraud or mistake, the court
will set aside the sale and grant a new writ : *Watson* v.
*Berch,* 2 Ves. Jr. 51 ; *White* v. *Wilson,* 14 Ves. 151 ; *Col-
lier* v. *Whipple,* 13 Wend. 224 ; *Tripp* v. *Cook,* 26 Wend.
143 ; *Requa* v. *Rea,* 2 Paige, 339 ; *Campbell* v. *Gardner,*
11 N. J. Eq. 423 (69 Am. Dec. 598) ; *Seaman* v. *Riggins,*
2 N. J. Eq. 214 (34 Am. Dec. 200) ; *National Bank* v.
*Sprague,* 21 N. J. Eq. 461.

III.   It is not necessary to prove that the plaintiff re-
lied solely on the defendant's representations.   It is suf-
ficient if the representations were relied upon by the
plaintiff as constituting one of the substantial induce-
ments to his action : *Safford* v. *Grout,* 120 Mass. 20 ;
*Mathews* v. *Bliss,* 22 Pick. 48 ; *James* v. *Hodsden,* 47 Vt.
127 ; *Winter* v. *Brandel,* 30 Ark. 362.

IV.   Every contracting party not in actual fault has a
right to rely upon the express statements of an existing
fact, the truth of which is known to the contracting party
who made it, and unknown to the party to whom it is
made, when such statement is a basis of a mutual en-
gagement.   He is under no obligation to investigate and
verify the statement to the truth of which the other party
to the contract, with full knowledge, has deliberately
pledged his faith: *Parham* v. *Randolph,* 7 Miss. 435 ; *Kie-
fer* v. *Roger,* 19 Minn. 32 ; *Upsham* v. *Debow,* 7 Bush, 442 ;
*Young* v. *Hopkins,* 6 Marsh. 23 ; *Campbell* v. *Wittingham,*
5 J. J. Marsh. 96 ; *Bailey* v. *Smock,* 61 Mo. 213; *Holland*
v. *Anderson,* 38 Mo. 55 ; *Clagett* v. *Crall,* 12 Kan. 393.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The facts of the case do not call for a discussion of the question as to whether, under the doctrine of *caveat emptor*, which applies to all execution sales, a plaintiff who purchases under an execution issued on a judgment in his favor is entitled, in the absence of fraud, after the sale has been confirmed and a sheriff's deed made, to have it and the satisfaction of the judgment set aside, and a new execution issued, where the defendant had no interest whatever in the property purchased by him. Upon this point the authorities are quite evenly divided, and, Mr. Freeman says, clearly irreconcilable. But, even in states holding the affirmative of the proposition, a sale will not be set aside if the defendant had, in fact, some interest in the property sold, although the plaintiff may have been mistaken as to the extent thereof : 2 Freeman, Judg. § 478 ; *Holtzinger* v. *Edwards*, 51 Iowa, 383 (1 N. W. 600) ; *Gonce* v. *McCoy*, 101 Tenn. 587 (70 Am. St. Rep. 714, 49 S. W. 754). It is admitted that Mrs. Bryan had an interest in the property purchased by the plaintiff at the time of the sale, and therefore, under the rule referred to, the plaintiff cannot, in the absence of fraud, have the sale vacated because she was mistaken as to the quality of such interest. Nor, indeed, is there any contention that she is entitled to the relief sought on account of the failure of title, but she grounds her right entirely upon what she claims to have been the fraudulent misrepresentation of the judgment debtor concerning her title to the property. But we do not think she is entitled to relief upon that ground, because it does not appear, either from the allegations of the petition or the findings of the court, that at the time Mrs. Bryan made the representations she knew them to be false, or that

they were not actually believed by her on reasonable grounds to be true. It is an established rule that false representations afford no ground for relief at law, unless they were known to be untrue by the party making them, or were made as of his own knowledge, without knowing whether they were true or not: *Cawston* v. *Sturgis*, 29 Or. 331 (43 Pac. 656) ; *Southern Develop. Co.* v. *Silva*, 125 U. S. 247 (8 Sup. Ct. 881). And neither the allegations nor the findings of fact bring this case within that rule.

Again, it is doubtful from the findings whether, if the representations had been false and fraudulent to the knowledge of Mrs. Bryan, the plaintiff would be entitled to relief, because it is uncertain whether they were relied upon by her. It is elementary law that false representations, made by one party to another, will not be sufficient ground for relief at law unless it is shown that the party complaining relied upon such representations, and was thereby misled : *Dunning* v. *Cresson*, 6 Or. 241. The finding of fact is that the "plaintiff relied partly on the said representations of Mrs. Bryan and believed them to be true, partly on her own investigation, and partly on the representations of other persons, and supposed said Mary Bryan was, at the time of the levy and sale, the owner in severalty of three or four acres in said Robinson donation land claim and other tracts in said donation land claim sufficient to satisfy said execution." There is no finding that the plaintiff was induced to make the purchase by reason of Mrs. Bryan's representations. It is admitted that she did have an interest in the land sold, and it is quite probable the plaintiff, upon an investigation for herself, believed that this interest was sufficient to satisfy the execution. And, while it is not necessary for us to put the case upon that ground, it is very doubtful whether this finding would be sufficient to support

the order of the court, even if it appeared that the representations were made by Mrs. Bryan with knowledge of their falsity. It follows from these views that the petitioner is not entitled to the relief sought, and the judgment of the court below must be reversed.

REVERSED.

Decided 5 March, 1900.