[No. 1038.   Decided November 2, 1899.]

WILLIAM B. HANNA *et ux., Respondents,* v. GEORGE M. SAVAGE *et al., Appellants.*

JUDGMENT—SATISFACTION—WHEN SURETY ENTITLED TO.

Where execution has been issued upon a judgment, lands levied upon and sold thereunder, the execution returned by the sheriff as paid, and the sale confirmed by the court, a surety of the principal defendants is entitled to have the judgment satisfied and discharged as to him, regardless of any arrangement between the plaintiffs and principal defendants whereby the sale is not to be regarded as a satisfaction of the judgment.

Appeal from Superior Court, Thurston County.—Hon. WILLIAM H. PRITCHARD, Judge.

Motion by A. M. Stewart, one of the judgment debtors, to have judgment against himself 'declared satisfied.    Motion granted.

*Charles S. Fogg,* for Stewart.

*T. N. Allen,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Judgment was rendered in the above entitled cause in this court and the decisions reported in 7 Wash. 414 (35 Pac. 127), and 8 Wash. 432 (36 Pac. 269).    A. M. Stewart, one of the judgment debtors, filed his motion praying that the judgment entered in the cause and against himself be satisfied and discharged.    The motion is based upon the record in the cause and the affidavit of Stewart.    An order to show cause why satisfaction of such judgment should not be entered was issued, and respondents, judgment creditors, appeared and denied that the judgment had been satisfied.    The denial, however, is argumentative, and the answer sets up that· an execution issued under said judgment was levied by the sheriff on one hundred and twenty acres of land in Thurston county, and the land sold by the sheriff for a certain sum sufficient to satisfy the judgment, which execution was returned by the sheriff with payment thereon; that the land was not in fact sold for money, and that the money was not returned with the execution, but that such sale was made to purchasers, Reeves and Bates, acting at the sale as trustees or agents for the other judgment debtors in said cause except Stewart; that the ·purchasers at such sale, as trustees, bid in the property on credit of twelve months, and under an agreement with the respondents that the judgment debtors represented by Reeves and Bates should execute their notes to respondents, due twelve months after date, for the purchase money, and assign the certificate of sale to re-

spondents to secure the payment of the notes, and that it was further agreed that, if the notes were not paid at maturity, respondents should take a deed from the sheriff for the land sold, and should hold such deed, at respondents' option, either as an absolute conveyance, in full satisfaction of the amount evidenced by the notes, or as a mortgage to secure their payment; that at the end of twelve months respondents took the sheriff's deed and elected to hold the same as a mortgage, and subsequently brought an equitable action in the superior court against the obligors in the notes to enforce respondents' mortgage lien on the parcel of land which had been sold under the execution, and that such equitable action is still pending. The facts thus stated are all that are deemed material in the determination of the controversy. Stewart's liability was as a surety in the original judgment. Sureties have a right to have the property of their principal subjected to the payment of the judgment. The sheriff duly sold one hundred and twenty acres of land under the execution properly levied upon the same. The statute prescribes how such sale shall be made and returned. It is immaterial here to discuss the validity of the agreement made between the other judgment debtors, not including Stewart, and the respondents, relative to the nature of the sheriff's deed, by which the deed was, in effect, to be a mortgage. It is sufficient, for the purposes of this motion, to conclude that when the sale was made, and the execution returned, and sale confirmed at the request of the respondents, and the deed subsequently executed, there was full satisfaction of the judgment as to Stewart. Stewart, having demanded of respondents that the judgment be satisfied as against him, and respondents having refused to enter such satisfaction, it is here ordered that he be released and discharged from the force and effect of said judgment.

GORDON, C. J., and ANDERS and FULLERTON, JJ., concur.