MUTUAL OIL CO., RESPONDENT, *v.* HAMILTON ET AL., APPELLANTS.

(No. 5,682.)

(Submitted April 25, 1925.   Decided May 13, 1925.)

[236 Pac. 545.]

*Sureties—Bank Deposits—Insolvent Bank—Complaint—Sufficiency—Evidence—Release from Liability—Special Defense—Pleading—Trial—Cross-examination—Exhibits—Record on Appeal.*

Sureties—Bank Deposits—Complaint—Sufficiency—Inferences.

1.   Under the rule of pleading that whatever is necessarily implied or reasonably to be inferred from allegations made is to be treated as directly averred, *held* that the complaint in an action to recover on a surety bond indemnifying plaintiff against loss of deposits in a bank, alleging that he had at divers times deposited large sums of money in the bank to his credit and that on a certain day the balance to his credit amounted to a given sum, was sufficient to show that the moneys so deposited belonged to him.

Same—National Banks—Insolvency—Complaint—Appointment of Receiver—Allegation Sufficient to Show Due Appointment and Qualification.

2.   Plaintiff's allegation that a receiver was appointed for defendant. national bank by the Comptroller of the Currency and took possession of its assets was sufficient to show that the receiver had been duly appointed and had qualified, as against a general demurrer.

73 Mont.—25

Same—Banks—Nonpayment of Deposits—Complaint—What Sufficient Allegation.

3. Failure to allege in the complaint that defendant bank had not paid the plaintiff the full amount for which defendant sureties had assumed liability did not render the pleading vulnerable to a general demurrer in face of the allegation that at the time of its failure plaintiff had on deposit the amount sued for and that it then ceased payments.

Same—Bank Deposits—Demand for Payment—When Allegation Unnecessary.

4. Where in an action on a surety bond indemnifying a depositor in a bank against loss the bank, as principal, has put it out of its power to fulfill the condition of the bond by becoming insolvent, a demand upon it for payment is not necessary to fix the liability of the sureties, and therefore the complaint need not allege such demand.

Appeal—Exhibits must be Incorporated in Record to Entitle Error in Ruling on Admissibility to Review.

5. Unless exhibits used at the trial of a cause are incorporated in the record on appeal, assignments of error based on rulings affecting their admissibility are not entitled to review.

Sureties—Bank Deposits—Checks Drawn on Insolvent Bank—Evidence—Harmless Error.

6. Since a demand upon a receiver of a defunct bank was unnecessary to fix the liability of the sureties on a bond insuring the safety of deposits, error in admitting in evidence checks drawn upon the receiver as a demand for the money was harmless.

Same—Nonpayment of Deposits—General Denial—Evidence—Admissibility.

7. The general denial of defendant sureties put in issue plaintiff's allegation of nonpayment of moneys deposited by him in a bank which became insolvent, and therefore plaintiff, having the burden of proof, was properly permitted to testify that no part of the amount sued for had been paid.

Same—Release from Liability a Special Defense—Pleading—Failure to Plead—Evidence—Proper Rejection—Offer of Proof.

8. Release of a surety is a special defense which must be pleaded; hence where it was not pleaded, refusal to permit defendant sureties to ask a witness for plaintiff whether plaintiff had not accepted a receiver's certificate in partial satisfaction of the obligation sued on, in an effort to establish that defense, was proper; the ruling was further correct because of failure of an offer of proof that the certificate had been accepted in partial satisfaction of plaintiff's claim or that the sureties had been prejudiced by its acceptance.

Trial—Cross-examination—Proper Exclusion.

9. A question asked on cross-examination not relating to any fact stated by the witness on his direct examination is improper cross-examination.

---

Appeal and Error, 4 C. J., sec. 2325, p. 535, n. 99; sec. 2952, p. 969, n. 56.

Bills and Notes, 8 C. J., sec. 835, p. 846, n. 35 New.

Depositaries, 18 C. J., sec. 80, p. 595, n. 71.

Pleading, 31 Cyc., p. 48, n. 61.

Principal and Surety, 32 Cyc., p. 128, n. 84, 85; p. 130, n. 35, 36; p. 132, n. 71, 82; p. 135, n. 14 New; p. 149, n. 17.

Witnesses, 40 Cyc., p. 2501, n. 94.

9. Limiting cross-examination to scope of direct, see note in 17 Ann. Cas. 4. See, also, 28 R. C. L. 604.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the Mutual Oil Company against L. H. Hamilton and others. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. La Rue Smith* and *Mr. H. R. Eickemeyer,* for Appellants, submitted a brief; *Mr. Eickemeyer* argued the cause orally.

*Messrs. Maddox & Church,* for Respondent, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 29, 1921, the Commercial National Bank of Great Falls, as principal, and L. H. Hamilton, C. D. Eliot, R. B. Noble and Julius C. Peters, as sureties, executed and delivered to the Mutual Oil Company an indemnity bond in the sum of $100,000, to secure the oil company against loss by reason of moneys deposited in the bank by the oil company. After the preliminary recitals, the bond continues: "Now, therefore, the condition of this obligation is such that if the said Commercial National Bank of Great Falls, Montana, or said sureties, or any of them, shall well and truly indemnify and save harmless the said Mutual Oil Company, a corporation, from all damage and loss of every kind, by reason of deposits of such money, up to and including the sum of one hundred thousand dollars ($100,000), as heretofore, or hereafter, made in or with said bank, and if the said principal herein shall, whenever required by said Mutual Oil Company, render a full account unto the said Mutual Oil Company, a corporation, for all funds received by it for deposit, to the credit of said Mutual Oil Company, a corporation; and if the

said principal shall, when required by the said Mutual Oil Company, at all times during the continuance of these presents, on demand, promptly pay over to the said Mutual Oil Company, a corporation, all of such moneys as are on deposit with said bank to the credit of said Mutual Oil Company, a corporation, and if the said principal shall honor and promptly pay, upon demand, such checks, drafts, or other written orders upon it, duly issued and signed by the proper officials of the said Mutual Oil Company, then this obligation shall be null and void; otherwise, it shall be in full force and effect.''

The complaint herein assumes to state a cause of action in two counts, but just why the two counts were employed is not apparent, as they are in all essential particulars the same. To avoid confusion and for the sake of brevity, the first count will be treated as the complaint, the sufficiency of which was challenged by a general demurrer, an objection to the introduction of evidence and by a motion for nonsuit, each of which was overruled. The joint answer of the defendants is a general denial of all the allegations of the complaint. Upon the trial of the cause, plaintiff introduced evidence to sustain the allegations of its complaint, and, the defendants declining to introduce any evidence, the court directed a verdict for the plaintiff for the full amount demanded, and the defendants appealed from the judgment entered on the verdict.

1. It is contended that the complaint fails to state a cause of action because of the following alleged deficiencies:

(a) It is not alleged that the moneys in the bank, to the credit of plaintiff, when the bank failed, belonged to the plaintiff.

It is alleged that at divers times after the execution and delivery of the bond the plaintiff did ''deposit in said bank to its credit and subject to its check large sums of money, and on or about the fourth day of October, 1922, the deposits

and credit balance of the plaintiff in said bank amounted to a sum greatly in excess of one hundred thousand dollars ($100,000), to-wit, the sum of two hundred and twenty thousand dollars ($220,000)." A more direct allegation might have been made, but it would be a reproach to the law, and a reflection upon the courts, to say that it is not a fair inference from the facts stated that the moneys. so deposited belonged to the plaintiff. It has been a rule of pleading in this state for many years that whatever is necessarily implied or reasonably to be inferred from the allegations made is to be treated as averred directly. (*Connelly Co.* v. *Schlueter Bros.*, 69 Mont. 65, 220 Pac. 103.) The expression "deposits and credit balance of the plaintiff" means the deposits and credit balance belonging to the plaintiff.

(b) It is not alleged that the receiver was duly appointed [2] or qualified, or that he was in charge of the bank on June 19, 1923.

It is alleged that on October 4, 1922, the bank "became insolvent, failed, suspended payments and was closed by action of its officers and directors, and thereafter the affairs and assets of said bank were taken over and now are in the custody of a receiver appointed by the Comptroller of the Currency of the United States." Bearing in mind the provisions of the National Banking Act (secs. 5190–5242, U. S. Rev. Stats. [U. S. Comp. Stats., sec. 9744 *et seq.*]), we think that the allegation that a receiver was appointed by the Comptroller of the Currency and that he took possession of the assets of the bank, is in effect a direct allegation that he was duly appointed and qualified. Whether the receiver . was in possession on June 19, 1923, is wholly immaterial.

(c) There is not any allegation that the bank itself had [3] not paid the plaintiff the full amount for which the sureties assumed liability.

The complaint does contain the allegation that, at the time the bank failed, plaintiff had on deposit with it more than

$200,000, and that the bank *then ceased payments.* The record does not disclose who was in charge of the bank's assets from the time it closed until the receiver took possession; but it is manifest that during that period the bank could not lawfully pay any depositor, and it will not be presumed that it did an unlawful act. There is an allegation that demand was made upon the receiver, and the demand refused. The foregoing allegations are sufficient to withstand a general demurrer.

(d) The complaint does not disclose that any valid demand [4] was made upon the bank to pay the amount of the deposit.

Ordinarily, a demand upon the bank would be necessary to fix the liability of the sureties; but it is the general rule that where the principal has put it out of its power to fulfill the condition of the bond, as by becoming insolvent, a demand is not necessary. (13 Cyc. 819; 18 C. J. 595; *Fidelity & Deposit Co.* v. *Wilkinson County,* 106 Miss. 654, Ann. Cas. 1916B, 1248, 64 South. 457; *Board* v. *American L. & T. Co.,* 75 Minn. 489, 78 N. W. 113; *Talley* v. *State,* 121 Ark. 4, 180 S. W. 330.) The reason for the rule is perfectly apparent. By becoming insolvent and closing its doors the bank put it out of its power to pay the oil company, and a demand would have been a perfectly vain and useless thing which the party making it would have known in advance could not possibly be met. It is one of the maxims of our jurisprudence that "the law neither does nor requires idle acts." (Sec. 8761, Rev. Codes.)

The complaint states a cause of action, and the first objection is without merit.

2. It is urged that the court erred in admitting in evidence [5, 6] two exhibits, B1 and B2, but neither of the exhibits is incorporated in the record, and defendants are not entitled to have the rulings reviewed. However, we gather from the record and appellants' brief that the exhibits are checks which

were presented by the oil company to the receiver as a demand for the money, and since a demand was not necessary, the introduction in evidence of the checks could not have prejudiced the defendants in respect to any substantial right.

3. Complaint is made of the ruling of the trial court in [7] permitting a witness for the plaintiff to testify that no part of the $100,000 for which defendants were liable had been paid. In their brief, counsel for defendants say that their objection is based upon the contention that the complaint does not state a cause of action, and particularly that it does not allege nonpayment. What has been said heretofore disposes of this contention. The general denial put in issue the allegations of nonpayment. The burden of proving the allegations was upon the plaintiff, and the evidence was admitted properly.

4. Upon cross-examination a witness for the plaintiff was [8, 9] asked: "Have you not at the present time a receiver's certificate from the Commercial National Bank of Great Falls, Montana, for the full amount of the claim for moneys that you [plaintiff] had in the bank at the time it closed?" An objection was sustained, and error is predicated upon the ruling. It is insisted that it was competent to show that the creditor (the oil company) had prejudiced the rights of the sureties or had accepted something in partial satisfaction of the obligation, and sections 8201, 8202 and 8191, Revised Codes, are cited in support of this contention; but the obvious answer is that release of a surety is a special defense which must be pleaded. (32 Cyc. 149; *Sachs* v. *American Surety Co.,* 72 App. Div. 60, 76 N. Y. Supp. 335; affirmed, 177 N. Y. 551, 69 N. E. 1130.) The defense sought to be established by this cross-examination was not pleaded. There was not any offer to show that the receiver's certificate, if in possession of the plaintiff, had been accepted in partial satisfaction of plaintiff's claim, or that the sureties had been prejudiced by anything done by the plaintiff. Furthermore,

it was not proper cross-examination, since the question did not relate to any fact stated by the witness on his direct examination.

The other specifications made do not merit special consideration. The judgment is so manifestly just that a reversal would be justified only for substantial errors which materially affect the substantial rights of defendants. None such appear; on the contrary, the entire argument of defendants' counsel is based upon the most refined technicalities.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.