OREGON MORTGAGE CO., LTD., APPELLANT, *v.* KUNNEKE ET AL., DEFENDANTS; MEYER, RESPONDENT.

(No. 5,875.)

(Submitted March 24, 1926. Decided April 2, 1926.)

[245 Pac. 539.]

*Mortgages—Foreclosure—Decree—Amendment of Description of Land — When Unauthorized — Collateral Attack — When Third Party may have Judgment Set Aside—Void Judgment —Court must Purge Record.*

Judgments—Amendment After Entry—Limit of Power of Court.
   1.   The district court has power at any time to amend a judgment by correcting a clerical misprision appearing on the face of the record, and under that rule may correct a misdescription of lands in a foreclosure decree to correspond with the pleadings and proof; but where plaintiff mistakenly described only a portion of the lands covered by his mortgage in his complaint and that description was carried through the entire proceeding and appeared in the decree, the error was a judicial one which could be remedied only on motion for new trial or on appeal, and an order directing the correction of the decree on motion was error.

---

1.   See 15 R. C. L. 671.

Mortgages — Foreclosure — Description of Property — Complaint — Exhibit—Variance—Exhibit Controlling.

2. Where in a mortgage foreclosure suit the complaint refers to the recorded mortgage by book and page as to the description of the lands involved and a copy of the mortgage is attached to and made a part of the pleading as an exhibit, and there is a variance between the description referred to by the reference and the exhibit, the exhibit controls.

Pleading — Filing Amended Complaint has Effect of Setting Aside Default.

3. The effect of the filing of an amended complaint is to set aside a default on the original pleading.

Same — Amendment of Judgment — When Amendment of Pleadings to Conform Thereto not Implied.

4. An amendment to a default decree in a foreclosure suit made after entry by inserting a description of the lands different from that contained in the complaint cannot be upheld on the theory that the decree as amended implied an amendment to the pleadings to conform thereto, where the successor of one of the defendants, in reliance upon the description contained in the complaint and not deeming his interest affected, did not appear but whose rights were affected by the decree as amended.

Judgments—Lack of Jurisdiction—Open to Collateral Attack.

5. Where the judgment-roll discloses that the court rendering the judgment was without jurisdiction, or that the pleadings do not support the judgment, it is void, open to collateral attack and may be set aside at any time.

Mortgages—Complaint—Misdescription of Land—When Mortgagee not Entitled to have Decree Amended and Sale Set Aside.

6. Where a mortgagee at foreclosure sale buys in the property at the full amount of the judgment the mortgage is extinguished, and the fact that he afterwards discovers that in bidding in the property under the mistaken idea that in his complaint he had described all the lands on which he held a mortgage, whereas it described only a portion thereof, does not entitle him to have the decree amended by the insertion of a description of all the lands covered by the mortgage and the sale set aside.

Same—Party Whose Pre-existing Rights Affected by Amended Judgment may have It Set Aside Though not Party to Suit.

7. Under the rule that while, generally, none but parties to a judgment can have it set aside, one whose pre-existing rights are injuriously affected thereby may obtain such relief, *held* that where the effect of an order directing an amendment of a foreclosure decree by the insertion of a description of the lands covered by it different from that contained in the complaint, under which a sale of the premises was had and the first mortgage satisfied, thereby making a second mortgage a first lien on the lands sought to be included by the amendment in the decree, was to relegate the latter mortgage to its former position of a second lien, the holder thereof could properly move to set aside the order directing the amendment as made without jurisdiction.

2.  See 21 R. C. L   477.
3.  See. 21 R. C. L. 589.
5.  See 15 R. C. L. 842.
6.  See 19 R. C. L. 486.
7.  See 15 R. C. L. 698.

Judgment—Duty of Trial Court to Purge Records of Void Judgment.
   8.   Where a void judgment is called to the attention of the court in which it was entered, it is its duty to purge its records of the nullity by canceling the entry.

[1]   Judgments, 34 C. J., sec. 450, p. 229, n. 83; sec. 451, p. 234, n. 92; sec. 460, p. 237, n. 10.
   [2]   Pleading, 31 Cyc., p. 564, n. 13.
   [3, 4]   Judgments, 35 C. J., sec. 367, p. 157, n. 64; sec. 482, p. 251, n. 63 New.
   [5]   Judgments, 33 C. J., sec. 34, p. 1073, n. 33; sec. 93, p. 1152, n. 22; 34 C. J., sec. 439, p. 217, n. 32; sec. 492, p. 269, n. 57; sec. 834, p. 528, n. 14; p. 531, n. 21.
   [6, 7]   Judgments, 34 C. J., sec. 558, p. 344, n. 69; p. 345, n. 70, 73; sec. 1105, p. 719, n. 74, 76, 80.   Mortgages, 27 Cyc., p. 1789, n. 60.
   [8]   Judgments, 34 C. J., sec. 492, p. 269, n. 57.

*Appeal from District Court, Carbon County; Robert C. Stong, Judge.*

ACTION by the Oregon Mortgage Company, Limited, against J. Wendell Kunneke and others; in which the decree for plaintiff was amended on its motion and a new decree entered.   From an order granting the motion of Alice A. Meyer, as successor in interest of defendant Meyer & Chapman State Bank, to set aside the order granting plaintiff's motion, plaintiff appeals. Affirmed.

*Messrs. Shea & Wiggenhorn* and *Messrs. Grimstad & Brown,* for Appellant, submitted a brief; *Mr. Thomas F. Shea* argued the cause orally.

*Mr. John G. Skinner,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, Oregon Mortgage Company, Limited, a foreign corporation, has appealed from a special order made after final judgment, which order was made upon the application of Alice A. Meyer, as the successor in interest of the Meyer & Chap-

_____

8.   See 15 R. C. L. 690.

man State Bank, defendant, and vacated and set aside a former order of the court, also made after final judgment, and a new or amended decree entered thereon.

On June 27, 1924, the Oregon Mortgage Company commenced foreclosure proceedings against one J. Wendell Kunneke, as the maker of a certain note secured by mortgage on certain lands lying in Carbon county, and joined as defendants a subsequent purchaser of the property and the Meyer & Chapman State Bank of Red Lodge, the record owner of a second mortgage on the property, in which the subsequent purchaser appears as the mortgagor. The complaint was in the usual form, except that it did not contain a description of the lands involved; it alleged an indebtedness amounting to something in excess of $12,000, and the execution and delivery of a certain mortgage as security for the payment thereof, which mortgage was ''on the 3d day of June, 1912, recorded in the office of the clerk and recorder of Carbon county, Montana, in Book 15 of Mortgages at page 305, a copy of which said mortgage with the indorsements thereon is hereto annexed and marked 'Exhibit A' and made a part of this complaint.'' The prayer for relief prays, among other things, the foreclosure of ''said mortgage.''

Exhibit ''A'' appears on its face to be a full, true and correct copy of the Kunneke mortgage. As a matter of fact, later made apparent, 320 acres of the land actually mortgaged were omitted from the description of lands as set out in the said copy of the mortgage. Personal service of summons was had on each of the defendants, with the exception of Kunneke, on whom substituted service was had, and the description contained in Exhibit ''A'' was carried into the publication of summons. The only correct description of the mortgaged lands was contained in a notice of *lis pendens*, filed in the office of the clerk and recorder of Carbon county at the time of the commencement of the action.

All defendants defaulted, and the default of each was duly entered, and thereafter some proof was made before Judge Robert C. Stong. What this proof was does not appear from

the record; it is contended by plaintiff that the original mort-
gage was offered in evidence, but the only showing made is
that the original mortgage appears in the files of this case in-
dorsed, "Filed Sept. 14, 1924.   H. P. Sandels, Clerk of District
Court, by John Dunne, Jr., Deputy." and counsel for the ad-
verse party points out that all minute entries concerning what
took place, at the time the proof was offered, were made by
the clerk and not by the deputy, and argues from this fact
that the mortgage was merely filed in the clerk's office without
being produced in court.

On the proof offered, Judge Stong made and caused to be
entered a final judgment and decree awarding plaintiff judg-
ment in the sum of $12,727.50, which was declared to be "a
valid lien upon the lands and premises in the complaint and
hereafter described, and is secured by the terms of said mort-
gage"; decreed foreclosure against all defendants and all per-
sons claiming to have acquired any interest in the property
described subsequent to the filing of the notice of *lis pendens,*
which filing is recited in the decree.   The decree contains the
description of the property affected, as set out in Exhibit "A."

The Kunneke note was merged in judgment and an order
of sale was issued directing the sheriff to sell the property
described in the decree and the notice of sale, posted and pub-
lished as required by law, containing the description found in
the complaint and in the decree.   The return of the sale made
by the sheriff shows that at the time and place given in the
notice, October 11, 1924, the sheriff called the sale and read
the notice thereof and then offered the lands described therein
in forty-acre parcels, but received no bids therefor; that he
then offered the lands described in the notice in one parcel,
and, having thus had its attention particularly called to the
lands offered for sale, the plaintiff then bid the property in
for the full amount of the judgment.   The sheriff gave to
plaintiff the usual certificate of sale and received from counsel
for plaintiff a receipt for the full amount of the judgment,
and thereafter the judgment was fully satisfied of record.

The record discloses that at some time after he executed the mortgage to plaintiff, Kunneke sold the mortgaged property, subject to the mortgage, to one Lemley, who on July 15, 1920, mortgaged all of the land described in the Kunneke mortgage, with approximately 520 acres of land which he then owned, to the Meyer & Chapman Bank, as security for loans in excess of $20,000. Prior to the time plaintiff commenced this action, the Meyer & Chapman Bank assigned the Lemley notes and mortgage to Alice A. Meyer, but the assignment was not recorded and, consequently, Alice A. Meyer was not made a party defendant in plaintiff's action.

Counsel for Alice A. Meyer frankly conceded, in his oral argument before this court, that he was fully cognizant, at all times up to the satisfaction of plaintiff's judgment, of the fact that the 320 acres of land described in the Kunneke mortgage were omitted from plaintiff's complaint and the decree, and was watchfully waiting to ascertain whether any steps would be taken to include those lands in the decree prior to sale. On October 11, 1924, immediately after plaintiff's case was closed of record by the satisfaction of the judgment, Alice A. Meyer commenced an action for the foreclosure of the Lemley mortgage, in which the lands omitted by plaintiff from its complaint, were properly described. Thereafter the firm of Grimstad & Brown, counsel for plaintiff in the original action, prepared a motion to "correct" the decree. This motion was dated December 16, 1924, but was not filed until February 9, 1925, and no action was taken on it although it was called to the attention of Judge Stong, for on February 13 counsel filed a new motion asking that the decree be amended, and in addition that the sale of property be set aside, and with the motion sent a letter to the clerk of the court stating, "This is done in conformance with the suggestion of Judge Stong with which you are, no doubt, familiar." This new motion was presented, not to Judge Stong, but to the other judge of the district, Judge Goddard, who on February 24 made and entered an order granting the motion and thereupon signed

and filed a new decree containing a description of all the property described in the original mortgage, but containing no intimation that it was a corrected decree and making no reference to the original decree. The sale was set aside and a new order of sale issued. On April 24, 1925, Alice A. Meyer, as successor in interest of the Meyer & Chapman Bank, moved to set aside the order and new decree on the grounds that the court lost jurisdiction over the subject matter when the case was closed by the satisfaction of the judgment, and that the amendment made was not warranted by the complaint. On August 19, 1925, Judge Stong made and entered an order setting aside the order made by Judge Goddard and vacating the new decree. Plaintiff contends that the court erred in so doing and in support of this contention asserts:

(1) That the error attempted to be corrected was merely a clerical error, and therefore Judge Goddard's action was within jurisdiction.

(2) That the petition and affidavit of Alice A. Meyer do not state facts sufficient to entitle her to the relief sought.

(3) That Judge Stong was without jurisdiction to make the order of August 19, 1925.

1. The rule is well settled in this state that a trial court has **[1]** the power at any time to amend any judgment it has rendered, to the end that such judgment will correctly express what the court actually decided, where error has crept into the judgment by reason of misprision on the part of the clerk, the court, or the attorneys, appearing on the face of the record. (*Keene* v. *Welsh,* 8 Mont. 305, 21 Pac. 25; *Power & Bro.* v. *Turner,* 37 Mont. 521, 97 Pac. 950; *State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608; *St. Onge* v. *Blakely, ante,* p. 1, 245 Pac. 532.) Under this rule a court undoubtedly has authority to correct a misdescription of lands contained in the judgment or decree, where the pleadings and ·proof correctly described the land in question. (*State Bank* v. *Schultze,* 63 Mont. 410, 209 Pac. 599.)

It is, however, equally well settled that where the judgment correctly expressed the decision of the court, no matter how erroneous that decision may have been and no matter how proper the attempted amendment may be, after the judgment has been rendered and entered, the trial court cannot modify the judgment so as to change the rights thereby fixed and determined. (*Whitbeck* v. *Montana Central Ry. Co.*, 21 Mont. 102, 52 Pac. 1098; *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac. 123; *Lee* v. *Laughery*, 55 Mont. 238, 175 Pac. 873.)  Such error, being a judicial error, can only be corrected on motion for a new trial or on appeal to this court. (*State ex rel. Smith* v. *District Court*, 55 Mont. 602, 179 Pac. 831; *State* v. *Fowler*, 59 Mont. 346, 196 Pac. 992, 197 Pac. 847; *Lee* v. *Laughery*, above.)

Under this rule, an erroneous description of land appearing in the judgment or decree, but which is in accordance with the description given in the complaint and running throughout the proceedings, is a judicial error and cannot be corrected by the trial court on motion as for the correction of a clerical error; the decree is not, under such circumstances, erroneous, but is that which the court intended and did actually render. (*Kemp* v. *Lyon*, 76 Ala. 212; *Van Ness* v. *Crow* (Tex. Civ. App.), 215 S. W. 572; *Ross* v. *Ross*, 83 Mo. 100; *Bishop* v. *Seal*, 92 Mo. App. 167; *Kurtz* v. *St. Paul & D. R. Co.*, 65 Minn. 60, 67 N. W. 808.)

Counsel for plaintiff contend that, because the complaint [2] refers to the recorded mortgage by book and page, it refers to the description contained in the original, but the reference heretofore quoted, while reciting that the mortgage is there recorded, refers for the description, not to the original mortgage, but to the alleged true copy attached. If counsel for plaintiff are correct in the assertion that, by citing the book and page of the recorded mortgage, the complaint refers to the correct description of the land as contained in the original mortgage, there would be a variance between the allegation and the exhibit made a part of the complaint, and where such

a variance is found to exist, the exhibit must control. (*Hyde*
v. *City of Altus,* 92 Okl. 170, 218 Pac. 1081; *Forry* v. *Brophy*
(Okl. Sup. 1926), 243 Pac. 506.)

The decree correctly described the land in accordance with
the description found in the copy (Exhibit ''A''), and therefore
followed the description contained in the complaint.    This was
the description presented to the court by the plaintiff; it is
carried through the whole proceeding, and therefore the pro-
ceeding was not for the foreclosure of the mortgage upon the
entire tract described in the original mortgage, but only upon
that portion thereof described in the complaint.

There is nothing in the record to indicate that the land
described in the decree, and thereafter sold to the plaintiff,
was not reasonably worth all that plaintiff paid for it on fore-
closure sale.    The lien of a mortgage is merely for the satis-
faction of the mortgagor's obligation and is extinguished by
such satisfaction (sec. 8241, Rev. Codes 1921), and the sheriff
on foreclosure sale is authorized to sell only so much of the
mortgaged property as may be necessary (sec. 9467).    There
is therefore no reason why a mortgagee holding property of a
value far in excess of his lien should not proceed against
so much of the property mortgaged only as may be necessary
to satisfy his claim against the mortgagor in full; this, in effect,
though unintentionally, is what the plaintiff did in this case,
and the decree rendered expressed the intention of the court.

2. Counsel for plaintiff contend that amendment to the judg-
[3, 4]    ment implies an amendment to the pleadings to conform
thereto, citing *Allen* v. *Bear Creek Coal Co.,* 43 Mont. 269, 115
Pac. 673; *Connelly Co.* v. *Schlueter Bros.,* 69 Mont. 65, 220
Pac. 103; *Mutual Oil Co.* v. *Hamilton,* 73 Mont. 385, 236 Pac.
545, and assert that ''had the plaintiff at the time of the entry
of the decree requested permission to amend the petition, the
court would have undoubtedly granted such permission.''

It must be remembered that this was a default decree, and
that none of the defendants were before the court.    The plead-
ings notified the defendants that plaintiff was seeking a decree

only as to the property described in the complaint, and had they been given notice that plaintiff would seek a decree of foreclosure as against their interests in all of the property, certain of the defendants, and particularly the Meyer & Chapman Bank, might not have permitted their default to be entered, while they were willing that a decree be entered in conformity with the complaint. Had the mistake been discovered at the time proof was admitted, the court might properly have permitted an amendment to the complaint, but could not have entered a decree thereon until service of the amended complaint had been had on the defendants and they had had opportunity of pleading to the complaint as amended, as the effect of filing an amended complaint is to set aside a default on the original pleading. (*Hansen* v. *Goodrich,* 56 Mont. 140, 181 Pac. 739.)

3. It is next contended that the Meyer application does not state facts sufficient to entitle her to the relief sought. This contention is based upon the fact that the record discloses that Alice A. Meyer was not a party to the action, and counsel assert that "the only theory upon which she would be entitled to proceed by motion would be that she was an interested party and affected by the amendment."

The application shows that while the applicant was not a party to the action, she was the successor in interest of the defendant Meyer & Chapman Bank and the owner and holder of a mortgage upon the lands which it was sought, by the amendment, to include in plaintiff's foreclosure decree. It is alleged therein that the new decree made and entered was void and, if left of record, would affect the title to such land and, in effect, would injuriously affect applicant's rights.

Where an inspection of the judgment-roll discloses that the [5] court acted without jurisdiction, or that the pleadings do not support the judgment or decree entered, such judgment or decree is void. (*Alywin* v. *Morley,* 41 Mont. 191, 108 Pac. 778; *State ex rel. Thompson* v. *District Court,* 57 Mont. 432, 188 Pac. 902.) The new decree entered by Judge Goddard was manifestly void. Such a judgment or decree is open to

collateral attack and may be set aside at any time. (*Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315; *Soliri* v. *Fasso,* 56 Mont. 400, 185 Pac. 322; *Lamont* v. *Vinger,* 61 Mont. 530, 202 Pac. 769.)

On the sale made under the original decree, the full amount of the judgment was realized and the judgment fully satis-**[6, 7]** fied and discharged. It is immaterial that the judgment creditor purchased the property; the fact that it paid the full amount of the judgment extinguished that judgment as effectually as though a stranger had been the purchaser and had paid the full amount to the sheriff; nor does the fact that plaintiff may have thought that it was bidding in all of the property on which it had a lien affect the legal status of the situation. (*Tonopah Banking Corp.* v. *McKane,* 31 Nev. 295, 103 Pac. 230; *Poppleton* v. *Bryan,* 36 Or. 69, 58 Pac. 767; *Hanna* v. *Savage,* 21 Wash. 555, 58 Pac. 1069; *Williams* v. *Glenn,* 87 Ky. 87, 12 Am. St. Rep. 461, 7 S. W. 610; 23 Cyc. 1490.) By the satisfaction of the judgment in this manner under a valid decree, the lien of the mortgage was as fully extinguished as it would have been by payment of the indebtedness by the mortgagor. (Sec. 8242, Rev. Codes 1921.) After the satisfaction of the judgment, the mortgage held by Alice A. Meyer existed as a first lien upon the lands omitted from the plaintiff's foreclosure proceeding, and it is apparent that the void decree, attempting as it did to relegate her mortgage to its former position of a second lien upon the property, injuriously affected her then existing and substantial rights.

While it is the general rule that none but parties to a judgment can have it set aside, an exception to this rule exists in favor of a person, not a party, but whose pre-existing rights are injuriously affected thereby. (34 C. J. 345; *Bennett* v. *Wilson,* 122 Cal. 510, 68 Am. St. Rep. 61, 55 Pac. 390.)

It is therefore apparent that the application of Alice A. Meyer was sufficient to warrant the relief sought.

4. There is no merit in the contention that the court was without jurisdiction to make the order complained of. "When a void judgment is called to the attention of a court in which it was entered, it is incumbent upon that tribunal to purge its records of the nullity by canceling the entry." (*Soliri* v. *Fasso,* above.)

We are not called upon to determine whether, by some appropriate proceeding, equitable relief might have been obtained by the plaintiff in this action. On the record before us, no error was committed by Judge Stong in making the order appealed from, and the order is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.