286 So.2d 231 (1973)
C.O. HUTCHISON and Edwina R. Hutchison, His Wife, Appellants,
v.
Virgil WINTRODE, Appellee.
No. 73-292.
District Court of Appeal of Florida, Second District.
December 7, 1973.
A.T. Cooper, Jr., of Cooper, Rives & Baskin, Clearwater, and Richard T. Earle, Jr., of Earle, Earle & Bryson, St. Petersburg, for appellants.
Howard P. Ross, of Parker, Battaglia, Parker, Ross & Stolba, St. Petersburg, for appellee.
GRIMES, Judge.
The origin of this case was a contract whereby Mr. and Mrs. Hutchison (Hutchison) agreed to sell certain land to Virgil Wintrode, as Trustee (Wintrode). When the contract for sale was not consummated, Wintrode sued Hutchison for specific performance. The lower court entered a final judgment for Wintrode directing the contract to be specifically enforced. In a per curiam opinion, this court affirmed. Hutchison v. Wintrode, Fla. App. 1973, 283 So.2d 165. A petition for writ of certiorari directed to that decision is now pending in the Supreme Court.
The property description in the contract read as follows:
Pinellas Groves, NW/4 Lots 1 and 2, less road right-of-way; Pinellas Groves NW/4, Lots 13, 14, 15, 16, 18, 19, 20, 29, 30, and W/2 of Lots 31 and E/2 of Lot 31; containing 60 acres MOL, all in S/2 of 23-30-15, Pinellas County, Florida as recorded in public records thereof.
*232 Wintrode's complaint for specific performance described the property in the same way. At the conclusion of the non-jury trial, counsel for both parties stipulated that the legal description contained in the contract should be modified to read as follows:
Pinellas Groves, NW 1/4 of Lots 1 and 2, less road right-of-way; Pinellas Groves NW 1/4, Lots 13, 14, 15, 16, 18, 19, 20, 29, 30, and W 1/2 of Lots 31 and E 1/2 of Lot 31; containing 60 acres, MOL, all in N 1/2 of 23-30-15, Pinellas County, Florida as recorded in Public Records thereof.
This stipulation was approved by the court, and the final judgment described the property in the manner reflected by the stipulation.
Subsequent to the filing of Hutchison's appeal, Wintrode filed a "Motion for Order Granting Relief from Final Judgment, Pursuant to Rule 1.540, Florida Rules of Civil Procedure". According to the motion, "through mutual mistake or clerical error", the legal description in the contract as well as the legal description in the stipulation and final judgment was "unclear" and should be corrected. Hutchison filed a motion to strike the petition asserting, among other things, that the lower court had lost jurisdiction by reason of the appeal. The court denied Hutchison's motion to strike and granted Wintrode's petition thereby modifying the final judgment so as to describe the property as follows:
Lots 1, 2, 13, 14, 15, 16, 18, 19, 20, 29, 30 and 31, less road right-of-way, Pinellas Groves, in the Northwest one-quarter of Section 23, Township 30 South, Range 15 East, according to the Plat thereof recorded in Plat Book 1, Page 55, Public Records of Pinellas County, Florida, containing 60 acres, M.O.L.
We now deal with Hutchison's appeal from that order. The issue which must be decided is whether the pendency of the appeal divested the lower court of jurisdiction to enter the order modifying the final judgment.
Wintrode contends that the error in the property description as set forth in the final judgment was a clerical mistake which was subject to correction under Rule 1.540(a), Florida Rules of Civil Procedure, 31 F.S.A. That rule provides that clerical errors in a final judgment may be corrected during the pendency of the appeal at any time prior to the docketing of the record on appeal in the appellate court. In this instance, the order under attack was entered prior to the record having been docketed in this court. As a secondary position, Wintrode contends that the pendency of the appeal would not preclude the lower court from granting relief for mutual mistake under Rule 1.540(b), 31 F.S.A.
The order does not specify upon which of the two subsections of the rule it was based. This makes no difference because the order could not have been properly entered under either subsection.
Subsection (a) relates to clerical mistakes arising from oversight or omission. It includes such things as mistakes in mathematical computations, misnomers or misdescriptions of the parties. Danner v. Danner, Fla.App. 1968, 206 So.2d 650. The mistake here (if it was a mistake) was one of substance. The property description as finally settled upon in the modifying order was different than that set forth in the contract and in the complaint and also different from the description in the stipulation.[1] The practical effect of the order was to reform the description to something different than was in the original contract. Had the purpose of the modifying order been to conform the description *233 in the final judgment to the one in the contract and in the complaint, this would have been within the contemplation of subsection (a). The modification sought to be accomplished here constituted much more than the correction of a clerical mistake. The distinction which was drawn between a clerical error and a judicial error in Oregon Mortgage Co., Limited v. Kunneke, 76 Mont. 117, 245 P. 539 (1926), is most appropriate because of the striking similarity between that case and this.
Assuming, but without deciding, that a mistake of this kind could be corrected under subsection (b) of the rule, it is clear that the lower court lost jurisdiction to enter a subsection (b) order once an appeal from the final judgment had been filed. Fulton v. Poston Bridge & Iron, Inc., Fla.App. 1960, 122 So.2d 240; see Liberman v. Rhyne, Fla.App. 1971, 248 So.2d 242. Referring to Federal Rule 60 (b), from which Rule 1.540(b) was adopted, 7 Moore's Federal Practice, Section 60.30 [2] states:
"... [T]he general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court. Hence during the pendency of an appeal it is generally held that the district court is without power to grant relief under Rule 59; or to vacate, alter or amend the judgment under Rule 60(b), whether the 60(b) motion is made prior to or after the appeal is taken, except with permission of the appellate court."
Under the circumstances, it appears to us that the best procedure would be for the lower court to hold a further hearing in order to straighten out the matters relating to the property description. At this hearing, Wintrode should be given the opportunity to present evidence directed to reforming the property description so as to correct what he believes to be a mutual mistake, and Hutchison shall have the right to present any defenses which may be available to him. The trial court would then be in a position to enter an order setting forth the description of the property which should be encompassed by its previous order of specific performance.
There is some doubt whether this court is now in a position to remand the case to the lower court for the purpose of holding such a hearing in view of the fact that a petition for certiorari has been filed in the Supreme Court. Since the petition was filed within fifteen days after the entry of this court's decision, the issuance of our mandate was stayed pending the outcome of the petition. Therefore, we believe that the hearing on the property description should be postponed until after either the disposition of the petition for certiorari or the obtaining of an order from the Supreme Court which would permit the hearing to be held concurrent with the consideration of the petition.
The order modifying the final judgment is reversed.
MANN, C.J., and HOBSON, J., concur.
NOTES
[1] The fact that the description in the modifying order matched the one in the notice of lis pendens does not affect our decision. As between the parties, a notice of lis pendens has no effect. Brown v. Semple, Fla.App. 1967, 204 So.2d 229.